RICHARD W. YORK v. WILLIAM H. MERRITT.

*Contract--Voidable for Illegality--Practice.*

1. Where both parties to an action have united in a transaction to defraud another, or others, or the public, or the due administration of justice, or which is against public policy or *contra bonos mores*, the Courts will not enforce it against either party.

2. In an action for the recovery of land it appeared from the testimony of defendant, that the deed to the plaintiff, absolute on its face, was executed by defendant on the eve of his going into bankruptcy, to secure plaintiff's fee as attorney, and that plaintiff agreed to reconvey to him upon payment thereof; *Held*, that the Court below erred (there being no express issue submitted to the jury involving the fraud) in adjudging that upon payment of the amount due from defendant, that plaintiff reconvey to him.

(*King* v. *Winants*, 71 N. C. 469, cited and approved.)

CIVIL ACTION to recover Possession of Land, tried at Spring Term, 1877, of CHATHAM Superior Court, before Cox, J.

The facts are sufficiently stated by Mr. Justice Reade in delivering the opinion of this Court. Verdict and judgment for defendant. Appeal by plaintiff.

*Messrs. J. H. Headen* and *J. B. Batchelor*, for plaintiff.
*Messrs. John Manning* and *John M. Moring*, for defendant.

Reade, J. The plaintiff sues for a tract of land and shows a deed from the defendant to him therefor. The defendant answers, that although the deed is absolute on its face, yet in fact it was made under the supposition that it was only a security to the plaintiff for $100, and that upon the payment of that sum the plaintiff would reconvey; and he says he has paid $47 and tendered the balance; and upon payment of the balance he prays that the plaintiff may be compelled to reconvey.

The findings of the jury sustain the allegations of the defendant, and His Honor gives judgment for the plaintiff for $53 and interest, and upon payment thereof to him, directs that he shall reconvey the title to the defendant.

Upon the supposition that the facts are as found, and nothing more appearing, the judgment would seem to do justice to all parties. And it may be that the parties will yet find their interest in settling upon that basis. But the plaintiff appeals, and objects that the judgment is not according to law, and that he is entitled to a new trial. The findings of the jury seem to have been based upon the evidence of the defendant himself. He states that being very much embarrassed, he consulted the plaintiff as an attorney at law; and the plaintiff advised him to go into bankruptcy, and offered to procure his discharge for $100; and advised him that he could convey the land to him to secure the sum; and that he executed the deed "upon the express agreement with the plaintiff that upon the payment of said sum of $100 he (the plaintiff) would reconvey the said land to the defendant."

YORK *v.* MERRITT.

And he states that the land was worth $750 ; that the deed was executed on the 25th of December, and on the next day he filed his petition and schedules in bankruptcy, the plaintiff preparing all the papers without disclosing the transaction. So that it appears that the plaintiff was to cover up the land for the defendant until he got his discharge in bankruptcy and then reconvey it to him.

This testimony discloses a transaction *contra bonos mores,* in which both parties participated. But then it was not alleged in the complaint nor in the answer, nor was there any issue submitted to the jury which, in express terms, involved it. It may, therefore, do the plaintiff injustice to assume its truth as to him ; but we may assume its truth as to the turpitude of the defendant, because it is his own testimony ; and, being true as to him, it shows that he is not entitled to the judgment which he obtained, and therefore there must be a new trial. *Ex turpi causa non oritur actio.*

The alleged turpitude of the transaction, although so plainly stated in the testimony, seems to have been allowed no effect whatever in the trial. If this was because such things are so common that honesty is benumbed, it ought to be the oftener declared, that the Courts will not aid one party to enforce a fraud against the other. And that where both parties have united in a transaction to defraud another, or others, or the public, or the due administration of the law, or which is against public policy, or *contra bonos mores,* the Courts will not enforce it in favor of either party. *King* v. *Winants,* 71 N. C., 469, and the cases there cited. We say nothing as to the validity of executed contracts where the aid of the Court is not sought.

We forbear to say more upon the case presented, lest we might do injustice to the parties. A new trial, if the parties will venture upon it, will develop the facts on both sides.

Error.

PER CURIAM. *Venire de novo.*