THOMAS J. HARRELL v. JOHN WILSON et al.

*Fraud, when Courts Will Not Interfere to Remedy.*

The Courts will not set aside a decree confirming a judicial sale of land at the suit of one who, being a party to the original cause, alleges that he was induced by the purchaser not to bid at the sale or resist a confirmation thereof, at a grossly inadequate price, by a promise that the purchaser would re-convey to him. Both parties being guilty of the fraud, the law will leave them alone.

This was a CIVIL ACTION, tried at May Term, 1890, of BERTIE Superior Court, before *Armfield, J.,* on the verified complaint, which is in these words:

The plaintiff complains, and alleges—

1. That on the 9th day of October, 1882, the defendants above named commenced an action against this plaintiff in the Probate Court of Bertie County, North Carolina, for partition by a sale thereof of the following land, to-wit (here follows a description of the land not material to the question before the Court.) In which said action the plaintiffs therein admit Thomas J. Harrell, this plaintiff, to be the owner of an undivided three-fifths interest in, and to be the same.

2. That on the 3d day of November, 1882, a decree of sale was entered in said action directing a sale of said land for partition among the tenants in common, and James B. Martin, attorney for the plaintiffs in that action, was appointed by the Court a commissioner to make said sale.

3. That said commissioner made sale of said land on the 1st day of January, 1883, when and where J. B. Spivey and Etherton Williams became the last and highest bidders in the sum of three hundred dollars, which said sum was not a fair and adequate price for said land, the same being reasonably worth one thousand dollars.

108—7

4. These defendants have admitted the rental value of the land to be worth one hundred and fifty dollars a year.

5. That said sum of three hundred dollars ought not to have been reported as a fair and adequate bid for said land, but a re-sale of the same should have been had; that the plaintiff T. J. Harrell was deterred and prevented from filing exceptions and objections to the report of the commissioner in said action, and filing objections and exceptions to said sale, for the reason that no report of sale was filed in said action until on the 18th day of January, 1883, and on that day and simultaneously with the filing of the said report, a decree was made confirming said report and ordering title to be made to the purchaser.

6. That on that day, to-wit, January 18th, 1883, the plaintiff Thomas J. Harrell offered and tendered to the then Clerk of the Superior Court of Bertie County, W. M. Sutton, the sum of thirty dollars, which was ten per cent. of the amount bid, which tender was made as an advance bid and for the purpose of having said land re-sold; which said sum of thirty dollars, so tendered by the plaintiff, was refused and declined by said W. M. Sutton, the then Clerk of the Superior Court of Bertie County, said Sutton stating at the time of said refusal that he was instructed by counsel for the plaintiff not to receive said sum.

7. That plaintiff was induced not to object to a confirmation of any report that might be made in the cause by the promises and representations of J. B. Spivey, who purchased the land under a verbal agreement with T. J. Harrell to let said T. J. Harrell have said land back, as it was the old homestead of plaintiff's ancestors; that said Spivey made said contract falsely and fraudulently, with no intention of performing it, for the purpose of inducing the plaintiff not to run the land, and for the purpose of inducing plaintiff not to object to said sale.

8. That by reason of said fraudulent acts of said Spivey, who was acting for his co-plaintiffs in said matter, said decree of confirmation was made, and said final decree confirming said report is void in law and irregular, and ought not to bind the plaintiff.

9. That the plaintiff hereby tenders the sum of thirty dollars advance on the amount of the bid in said action for the purpose of having said land re-sold.

10. That the rights of no third parties have intervened; and if any, they were taken with notice of the fraud and irregularity in said decree confirming said report.

Wherefore, the plaintiff demands judgment—

1. That the final decree confirming the report of sale made in the action referred to in this action be declared void, and that the same be set aside.

2. That a re-sale of said land be ordered.

3. All legal and equitable relief and costs.

The Court rendered judgment as follows:

This cause coming on to be tried, the Court intimated an opinion that plaintiff could not recover upon his complaint, and the plaintiff, in deference to such intimation, submitted to a nonsuit, and appealed.

*Messrs. F. D. Winston* and *D. C. Winston*, for plaintiff.
No counsel *contra*.

AVERY, J.—after stating the case: It is familiar learning, that he who comes into a court of conscience for relief must come with clean hands. Where two persons enter into a scheme to prevent a fair competition of bidders for a tract of land exposed to public sale, and thereby defraud others who are interested in causing it to bring a fair price, and one, in furtherance of the plan, buys the property at much less than its true value, and takes title in his own name, a Court of Equity will not set aside the decree confirming the sale at

the instance of the other who is *particeps doli,* but will leave the parties in the position where they have placed themselves. 1 Pom. Eq. Jur., § 401.

In the seventh paragraph of his complaint the plaintiff alleges that he was deterred from bidding for the land and making it bring its full value, and also from objecting to the order confirming the sale, by a verbal promise of the defendants J. B. Spivey and Etherton Wilson to convey to him the old family homestead, a tract of the land bought at said sale. Such an agreement will not be enforced. It is not necessary to enquire whether relief should be sought in a new action or by motion in the original cause, since the complainant, on his own showing, cannot invoke the aid of the Court to set aside the sale for fraud in which he participated. We concur, therefore, with the Judge who tried the cause below in the opinion that the plaintiff is not entitled to recover upon the facts stated in the complaint. The judgment must be affirmed.

Affirmed.