G. N. PENLAND v. HESTER WELLS AND HUSBAND, JOHN S. WELLS.

(Filed 27 June, 1931.)

1. **Trusts F a—Where party has conveyed land to defeat threatened litigation he is not entitled to reconveyance from alleged trustee.**

Where the complaint in an action by a father against his daughter alleges that he conveyed certain property to her by absolute conveyance to be held in trust for him for the purpose of defeating certain threatened litigation which he alleges was without merit, and prays for a reconveyance of the property: *Held*, a demurrer thereto was properly sustained, it appearing that the plaintiff was attempting to defeat the due administration of the law and the equitable doctrine of "clean hands" applying, and the law condemning, in proper cases, the tying of a parol trust for the benefit of the grantor to an absolute conveyance.

**2. Conversion B a—Complaint held to state good cause of action for recovery of money alleged to have been converted by defendant.**

Where the complaint alleges that the plaintiff gave a sum of money to his daughter to give to his wife and that the daughter converted it to her own use, it alleges a good cause of action for the recovery of the sum and a demurrer is properly overruled.

**3. Parties A a—Only personal representative may sue for funds of deceased converted by third person.**

Where a father in his individual capacity brings an action against his daughter to recover certain money alleged to have been owned by and in possession of his wife at the time of her death, a demurrer is properly sustained, the cause of action for the recovery of such sum being vested in the personal representatives of the wife alone.

CIVIL ACTION, before *MacRae, Special Judge,* at November Term, 1930, of MACON.

The plaintiff is the father of the *feme* defendant. He alleges that prior to 18 August, 1922, he was the owner of a tract of land which he conveyed to his only daughter, the defendant, Hester Wells. The reason for making the conveyance is set out in the complaint as follows: "That, shortly prior to 18 August, 1922, the plaintiff received information which, at the time, he deemed to be reliable, that certain unscrupulous persons were threatening to procure an indictment in the Superior Court of Macon County against the plaintiff, falsely preferring against the plaintiff offenses that he never committed; and likewise threatening to institute other legal proceedings against the plaintiff for alleged wrongs, that he never committed, all for the purpose of wrongfully and unlawfully extorting money from the plaintiff, which he did not owe and for which he was in no manner liable; and the plaintiff being an unlettered man, and unlearned in the law, and believing, in the absence of legal advice, that prompt action was necessary in order to defeat such litigation and thereby preserve his property for his own use and benefit, on 18 August, 1922, together with his wife, who was then living, executed and delivered to his daughter, the defendant, Hester Wells, a deed absolute in form, therein conveying to her the lands described in paragraph 2 hereof in trust, for the use and benefit of the plaintiff, and then to be reconveyed to the plaintiff by the defendants, at such time thereafter as the plaintiff might desire and designate."

Plaintiff further alleged that the defendant and her husband went in possession of said lands, but that "about four years prior to the institution of this action, and although the plaintiff is an old man, upwards of eighty years of age, and although the defendant, Hester Wells, is the only daughter of plaintiff, the said defendant wilfully and unlawfully . . . drove the plaintiff from his home," etc.

The plaintiff further alleged as a second cause of action, that upon one, occasion he gave to the defendant the sum of $400 to be delivered by her to her mother, the wife of plaintiff, and that his said daughter, the defendant, Hester Wells, failed to deliver said money, but wrongfully and unlawfully converted the same to her own use. The plaintiff further alleged as a third cause of action, that his wife at the time of her death had $1,060 in her possession derived from the sale of her property, and that the defendants unlawfully took possession of said money.

Upon the foregoing pleading the plaintiff asked for a decree declaring that he was the owner of the land described in the complaint and for reconveyance of same by the defendants, and also for judgment for $1,460 covering the items hereinbefore specified.

The defendants demurred to the complaint upon the following grounds:

(a) That it appears from the complaint that the plaintiff is attempting to impeach his own conveyance, which he alleges was made for the purpose of defrauding his creditors.

(b) That the plaintiff has improperly united several causes of action.

(c) That the plaintiff has no legal capacity to sue for the $1,060 for that it appears from the complaint that said sum was personal property belonging to plaintiff's wife at the time of her death, and that the suit is not brought by the plaintiff either as executor or as administrator of her estate.

Upon the hearing, the trial judge sustained the demurrer to the third cause of action relating to the $1,060 item, but overruled the demurrer as to the reconveyance of the land and the recovery of the $400 item.

From judgment so rendered the defendants appealed.

*Jones & Jones and Alley & Alley for plaintiff.*
*Edwards & Leatherwood, George B. Patton and R. D. Sisk for defendants.*

BROGDEN, J. Can a father compel his daughter to reconvey land conveyed by him to the daughter for the purpose of defeating threatened litigation and thereby preserving his property for his own use and benefit?

The principles of law applicable to the facts have been discussed in many cases in this jurisdiction, notably: *Pinckston v. Brown,* 56 N. C., 494; *Turner v. Eford,* 58 N. C., 106; *York v. Merritt,* 77 N. C., 213 (80 N. C., 285); *Harrell v. Wilson,* 108 N. C., 97; *Bank v. Adrian,* 116 N. C., 538; *Pierce v. Cobb,* 161 N. C., 300. See, also, Annotation 4 A. L. R., 144. In *York v. Merritt, supra,* the Court said: "Where both parties have united in a transaction to defraud another, or others,

or the public, or the due administration of the law, or which is against public policy, or *contra bonos mores,* the courts will not enforce it in favor of either party." The entire doctrine is based upon the "clean hands" concept of equity. The plaintiff alleges "that prompt action was necessary in order to defeat such litigation and thereby preserve his property for his own use and benefit." While the plaintiff denies that there was any merit in the threatened litigation, it is quite obvious that he was attempting to get his fodder out of the field before the storm broke.

Moreover, the law condemns, in proper cases, the tying of a parol trust for the benefit of the grantor, to an absolute conveyance of property. *Gaylord v. Gaylord,* 150 N. C., 222; *Williams v. McRackan,* 186 N. C., 381.

The plaintiff has stated a cause of action for the item of $400. If he gave $400 to his daughter, the defendant, to give to her mother, which she declined and refused to do, then she has in her possession $400 that belongs to the plaintiff, and the trial judge was correct in overruling the demurrer to the $400 item.

The ruling of the trial judge upon the $1,060 item was correct for the reason that if plaintiff's wife had $1,060 at her death which had been wrongfully converted by a third party, then the cause of action for the recovery of such property vested in the personal representatives of the wife.

The Court concludes upon the record that the trial judge should have sustained the demurrer to the cause of action for the reconveyance of the land; overruled it upon the $400 item; and sustained it upon the $1,060 item.

Affirmed in part.

Reversed in part.