WILFORD HOOD v. GRACE L. HOOD

No. 7918SC825

(Filed 15 April 1980)

**Equity § 1.1; Trusts § 13.5— equitable action to establish parol trust—unclean hands**

> Plaintiff's unclean hands barred him from maintaining an equitable action to impose a resulting trust on real property conveyed solely to his former wife based on her parol agreement to convey the property to plaintiff when he was no longer engaged in unlawful activities where plaintiff's evidence showed that the funds used to purchase the property were derived from plaintiff's sale of illegal liquor and that the property was conveyed solely to his wife to shield it from forfeiture if plaintiff should be convicted of bootlegging.

APPEAL by plaintiff from *Mills, Judge.* Judgment entered 24 May 1979 in Superior Court, GUILFORD County. Heard in the Court of Appeals 6 March 1980.

Plaintiff has brought this action for title to and possession of certain real property located in Jamestown Township, Guilford County. Plaintiff alleged: he and defendant were married on 3 December 1955 and that on or about that time the parties had negotiated for the purchase of the above property as a home for them and defendant's three children. At that time he was engaged in the sale of illegal whiskey and the parties agreed that title to the property would temporarily be recorded in the name of defendant, so as to avoid loss of the home in case plaintiff was convicted of bootlegging. Defendant agreed to deed the property to him at a later date when plaintiff was no longer engaged in unlawful activities. The property was purchased with his funds and, in accordance with the agreement, title was taken in the name of defendant, as evidenced by a recorded deed. Plaintiff advised defendant in 1962 that he had permanently ceased his illegal activities and requested that defendant deed the property to him, but the defendant refused to do so. Marital problems later developed between the parties and they separated in January 1963 and were divorced on 21 August 1978. Plaintiff asked the court for an adjudication that defendant was holding title to the disputed property as trustee for the use and benefit of plaintiff.

Defendant denied the operative allegations of the complaint, further defending on grounds that the action was barred by the

statute of limitations, laches, statute of frauds, and the doctrine of "clean hands". Defendant counterclaimed for ejectment of the plaintiff from the disputed property, and the parties stipulated that if judgment should be entered for the defendant on plaintiff's claim for relief, defendant would be entitled to the remedy of ejection.

At trial, plaintiff testified that he purchased the property for $1,000 with his own funds, the parties agreeing that title to the land would be taken in the name of defendant to avoid forfeiture if plaintiff were to be convicted of bootlegging, and that defendant would deed the property to plaintiff at a later time. Plaintiff stated that he constructed a house and paid taxes on the property, and that he was convicted of the illegal sale of liquor several times. Plaintiff stated that the disputed property had a value of no more than "a couple of thousand dollars." At the conclusion of plaintiff's evidence defendant moved for a directed verdict pursuant to G.S. 1A-1, Rule 50(a), stating as grounds: insufficient evidence; the statute of limitations; laches; and the doctrine of "clean hands". From the trial court's entry of judgment for the defendant upon defendant's motion, plaintiff appeals.

*Morgan, Post, Herring & Morgan, by J. V. Morgan, for plaintiff appellant.*

*Wyatt, Early, Harris, Wheeler & Hauser, by William E. Wheeler, for defendant appellee.*

WELLS, Judge.

We affirm the trial court's granting of defendant's motion for a directed verdict under G.S. 1A-1, Rule 50(a) on grounds that plaintiff's unclean hands barred him from maintaining this equitable action for a resulting trust based on an alleged parol agreement. When a husband purchases realty and causes it to be conveyed to his wife, the law presumes the property is a gift to the wife, and in order to overcome this presumption and establish the existence of a resulting trust, the husband must produce clear, cogent and convincing proof. *Bass v. Bass,* 229 N.C. 171, 48 S.E. 2d 48 (1948). An action to establish the existence of a resulting trust is equitable in nature. *Bowen v. Darden,* 241 N.C. 11, 84 S.E. 2d 289 (1954).

---

Hood v. Hood

---

We do not reach plaintiff's argument that his evidence was sufficient to meet this burden, since plaintiff's complaint and testimony unquestionably show that the trust had the unlawful purpose of shielding plaintiff's illegal income, derived from his bootlegging activities, from forfeiture to the State. "An intended trust to carry on an unlawful business, such as that of selling intoxicating liquor in violation of law . . . is invalid." RESTATEMENT (SECOND) OF TRUSTS § 61, Comment *a* (1959). In *Penland v. Wells*, 201 N.C. 173, 159 S.E. 423 (1931) the plaintiff had conveyed land to his daughter for the admitted purpose of defeating certain threatening litigation which he alleged was without merit. The plaintiff sought equitable relief on the theory that a trust had been created in the property in his favor. Our Supreme Court held that the doctrine of "clean hands" precluded plaintiff's resort to equity:

> In *York v. Merritt, supra* [77 N.C. 213, 215 (1877)], the Court said: "[W]here both parties have united in a transaction to defraud another, or others, or the public, or the due administration of the law, or which is against public policy, or *contra bonos mores*, the courts will not enforce it in favor of either party." The entire doctrine is based upon the "clean hands" concept of equity. The plaintiff alleges "that prompt action was necessary in order to defeat such litigation and thereby preserve his property for his own use and benefit." While the plaintiff denies that there was any merit in the threatened litigation, it is quite obvious that he was attempting to get his fodder out of the field before the storm broke.

201 N.C. at 175-176, 159 S.E. at 424.

In the case at bar plaintiff's evidence unquestionably shows that the funds used to purchase the property were derived from his sale of illegal liquor and that his purpose of shielding the property from possible seizure by the State was against the public policy on the State, and *contra bonos mores*. The trial court properly prohibited plaintiff from invoking the equity jurisdiction of the court to enforce the alleged resulting trust.

Affirmed.

Judges HEDRICK and WEBB concur.