PATRICIA A. MOFFETT AND PM & JD, INCORPORATED v. JOSEPH MACK DANIELS

No. 8511SC1273

(Filed 6 May 1986)

**Equity § 1.1; Trusts § 13.5— conveyance to hinder creditors—unclean hands—no trust**

Where all the evidence shows that defendant conveyed real property to plaintiff corporation which was owned by the individual plaintiff for the purpose of hindering defendant's creditors, the doctrine of unclean hands will prevent the courts from impressing a trust on the property or ordering plaintiffs to convey to defendant even if defendant did not violate the statute prohibiting conveyances to defraud creditors, N.C.G.S. 39-15.

APPEAL by plaintiff from *Clark (Giles R.), Judge.* Judgment entered 27 September 1985 in Superior Court, JOHNSTON County. Heard in the Court of Appeals 15 April 1986.

The plaintiffs brought this action to eject the defendant from a tract of land owned by the corporate plaintiff and for an accounting for financial transactions involving the property. The de-

fendant filed an answer with six counterclaims. He alleged that the corporation "was formed by Joseph Mack Daniels and the stock issued in the name of Patricia A. Moffett for the benefit of Joseph Mack Daniels for the sole purpose of preventing creditors from being able to take possession of the property due to the cash flow position of Joseph Mack Daniels." The defendant prayed that a resulting or constructive trust be imposed on the stock of the corporation and that Patricia A. Moffett be ordered to convey the stock in the corporation to him.

The plaintiffs made a motion for summary judgment. The papers in support and opposition to the motion for summary judgment showed that for some time before the controversy arose between the parties they were planning to be married. The defendant owned other property on which he was having trouble making the mortgage payments because of business reversals. The only parcel of unencumbered property was a lot containing a convenience store and an apartment building inherited by the defendant. The defendant stated in an affidavit that he decided to form a corporation and deed the unencumbered lot to the corporation so that the store which was on the lot "would be able to continue to operate and would not be seized or tied up by any creditor." He intended to have the stock in the corporation issued to his brother but due to the insistence of Patricia A. Moffett it was issued to her. The defendant stated that she agreed to convey the stock to him when he requested it. The defendant became current in his mortgage payments but Patricia A. Moffett refused his request to transfer the stock in the corporation to him.

The court denied the plaintiffs' motion for summary judgment and entered an order for summary judgment for the defendant on all issues. The plaintiffs appealed.

*Narron, O'Hale, Whittington and Woodruff, P.A., by James W. Narron, for plaintiff appellants.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Ronald C. Dilthey and C. D. Taylor Pace, for defendant appellee.*

WEBB, Judge.

The plaintiffs assign error to the denial of their motion for summary judgment and to the judgment which requires Patricia

A. Moffett to convey the stock in the corporation to the defendant. We believe we are bound by *Penland v. Wells*, 201 N.C. 173, 159 S.E. 423 (1931) to sustain this assignment of error.

In *Penland* the plaintiff brought an action to obtain title and possession of real property he had conveyed to his daughter. He alleged that he had been threatened with litigation for alleged wrongs which he had never committed and in order to defeat such litigation and thereby preserve the property for his own use he conveyed it to his daughter by a deed absolute in form. He alleged further that his daughter was to hold the property for him as trustee and reconvey it to him at such time as he might designate. Our Supreme Court held that it was error not to sustain a demurrer to a complaint based on these allegations. It said plaintiff's unclean hands prevented his bringing an action for equitable relief and stated:

> Where both parties have united in a transaction to defraud another, or others, or the public, or the due administration of the law, or which is against public policy, or *contra bonos mores*, the courts will not enforce it in favor of either party.

201 N.C. at 175-176, 159 S.E. at 424. This Court followed *Penland* in *Hood v. Hood*, 46 N.C. App. 298, 264 S.E. 2d 814 (1980).

At a summary judgment hearing if the forecast of evidence is such that it would entitle a party to a directed verdict if the evidence were offered at trial that party is entitled to have his motion for summary judgment allowed. *See Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 251 S.E. 2d 419 (1979). In this case all the evidence shows that the defendant conveyed the property to the plaintiff corporation which was owned by the plaintiff Moffett for the purpose of hindering the defendant's creditors. The Court will not under these facts impress a trust on the property or order the plaintiffs to convey it to the defendant. Patricia A. Moffett owns the corporation and the corporation owns the land and the contents of the store. The plaintiffs are entitled to a judgment removing the defendant from the property.

The defendant argues that the record does not show the requisite intent to defraud his creditors. He says that no suit was filed against him and that his intent as shown by his affidavit was to maintain the business so that he could pay his creditors. He

In re Will of Dupree

argues that the record shows he had not violated G.S. 39-15 which declares void conveyances to defraud creditors. G.S. 39-15 has no application to this case. Under *Penland* it is not necessary that an action be filed by a creditor or that the person conveying the property intended not to pay his lawful debts. If a conveyance is made to a person with the intent that the grantee will hold the property so that creditors cannot reach it, the parties to the conveyance are *in pari delicto* and the law will not require the grantee to reconvey the property.

The defendant argues further that if the parties are *in pari delicto* the plaintiffs should receive no relief. The plaintiff corporation has the legal title to the property and Patricia A. Moffett owns the stock in the corporation. The defendant has asked for an equitable remedy. Equity will not give the defendant the relief for which he asks because of his unclean hands. The plaintiffs may enforce their legal rights.

For the reasons stated in this opinion we reverse and remand with an order that the plaintiffs be given the relief for which they prayed.

Reversed and remanded.

Judges EAGLES and PARKER concur.