GLORIA SELLERS, Plaintiff v. CAMMIE SMITH OCHS, Defendant

No. COA06-235

(Filed 21 November 2006)

## 1. Appeal and Error— preservation of issues—proper notice of appeal

Although plaintiff contends the trial court erred in a property dispute case by granting summary judgment in favor of defendant based on the doctrine of unclean hands, this assignment of error is overruled because: (1) proper notice of appeal is a jurisdictional requirement that may not be waived, and in the absence of proper notice of appeal, the Court of Appeals is without jurisdiction to review the order of summary judgment; and (2) plaintiff filed a notice of appeal on 13 October 2005 from the order denying plaintiff's motion to amend the judgment entered in this action and signed on 19 September 2005 without any reference in the notice of appeal to the 27 July 2005 order granting summary judgment in favor of defendant.

## 2. Civil Procedure— Rule 59—reargument—arguments that could have been made

The trial court did not err in a property dispute case by denying plaintiff's N.C.G.S. § 1A-1, Rule 59 motion to amend the judgment, because: (1) a Rule 59 motion cannot be used as a means to reargue matters already argued or to put forth arguments which were not made but could have been made at the trial court level; (2) the three additional cases plaintiff's counsel sought to argue contained arguments which were not made but could have been made at the trial level; (3) plaintiff was barred by her unclean hands based on her efforts to avoid judgment creditors which led directly to the decision to put the real property in defendant's name; and (4) where both parties have united in a transaction to defraud another, or others, or the public, or due administration of the law, or which is against public policy, or contra bonos mores, the courts will not enforce it in favor of either party.

Appeal by Plaintiff from order entered 19 September 2005 by Judge C. Philip Ginn in Superior Court, Haywood County. Heard in the Court of Appeals 17 October 2006.

*Patrick U. Smathers and Gina L. Norwood, for plaintiff-appellant.*

*Law Office of Frank Jackson, by James L. Palmer, for defendant-appellee.*

WYNN, Judge.

A Rule 59 motion "cannot be used as a means to reargue matters already argued or to put forth arguments which were not made but could have been made" at the trial court level.[1] Here, Plaintiff Gloria Sellers filed a Rule 59 motion to present additional case law to the trial court in an effort to have an order of summary judgment set aside. Because Ms. Sellers only appeals from the denial of that motion, for which she failed to show any grounds for relief from judgment, we dismiss.

Both parties agree that in 1994, Defendant Cammie Smith Ochs became the record owner of a piece of property located in Haywood County. Shortly thereafter, Plaintiff Gloria Sellers moved a trailer onto the property and began living there, although she did not pay any rent to Ms. Ochs. In 2003, Ms. Ochs made a written demand that Ms. Sellers vacate the property. In response, Ms. Sellers filed a complaint alleging that Ms. Ochs was holding the property for Ms. Sellers in a resulting or constructive trust and asking either for a reconveyance of the property or money damages in the amount of the property's value.

Ms. Sellers alleges that the property was originally purchased in 1994 with the profits from a joint venture she operated with Ms. Ochs' father, John Smith, and that the property was placed in Ms. Ochs' name because Ms. Sellers and Mr. Smith "had reason to believe that judgment creditors at that time might attach to the property." She further contends that Ms. Ochs agreed to hold the property in trust and convey it to either Ms. Sellers or Mr. Smith upon their request. By contrast, Ms. Ochs contends that the deed to the property was a gift from her father, or should be presumed as an advancement from him.

Following the filing of Ms. Sellers' complaint, Ms. Ochs filed a motion for summary judgment on the grounds that (1) Ms. Sellers had

---

1. *Smith v. Johnson*, 125 N.C. App. 603, 606, 481 S.E.2d 415, 417, *disc. review denied*, 346 N.C. 283, 487 S.E.2d 554 (1997).

failed to join a necessary party to the lawsuit, namely, Mr. Smith; (2) there were no genuine issues of material fact as to the claims of resulting or constructive trust; (3) Ms. Sellers had failed to produce evidence to support the evidence of the existence of either a resulting or constructive trust; and, (4) regardless of any issues of material fact, Ms. Sellers was barred from recovery by the doctrine of "unclean hands" because she had entered into the transaction seeking to avoid judgment creditors. Finding that there were "no genuine issues of material fact and that the Defendant is entitled to judgment as a matter of law, as the equitable defense of 'unclean hands' bars any recovery by the Plaintiff in this matter," the trial court granted the motion for summary judgment on 27 July 2005.

Ms. Sellers then filed a Rule 59 motion for amendment of judgment, alleging that "the law presented by Defendant is inappropriate and not precedent for the facts and circumstances" of the case, and submitting additional case law for consideration by the court. On 19 September 2005, the trial court denied the motion to amend the judgment, treating it as a motion to set aside or motion for relief from the summary judgment and finding that Ms. Sellers had not shown the grounds for relief.

Ms. Sellers appeals from that ruling, arguing that (I) the trial court made an error of law by granting summary judgment based on the equitable defense of unclean hands, and (II) the trial court made an error of law by denying the motion for amendment of judgment.

I.

[1] We note at the outset that the 27 July 2005 order granting summary judgment to Ms. Ochs is not properly before this Court. In all cases before this Court, the notice of appeal "shall designate the judgment or order from which appeal is taken." N.C. R. App. P. 3(d) (2005). Moreover, "[p]roper notice of appeal is a jurisdictional requirement that may not be waived." *Chee v. Estes*, 117 N.C. App. 450, 452, 451 S.E.2d 349, 350 (1994). As such, "the appellate court obtains jurisdiction only over the rulings specifically designated in the notice of appeal as the ones from which the appeal is being taken." *Id.*; *see also Craven Reg'l Med. Auth. v. N.C. Dep't of Health & Human Servs.*, 176 N.C. App. 46, 59, 625 S.E.2d 837, 845 (2006).

Here, Ms. Sellers filed a notice of appeal on 13 October 2005, "from the Order Denying Plaintiff's Motion entered in this action and signed by the Honorable C. Philip Ginn on September 19, 2005."

No reference was made in the notice of appeal to the 27 July 2005 order granting summary judgment to Ms. Ochs. Thus, in the absence of proper notice of appeal, this Court is without jurisdiction to review the order of summary judgment. This assignment of error is therefore dismissed.

## II.

[2] We turn now to Ms. Sellers' appeal from the denial of her Rule 59 motion to amend the judgment, treated by the trial court as "a motion to set aside or motion for relief from the summary judgment." Although Ms. Sellers preserved this issue in her second assignment of error before this Court, the sole argument presented in her brief on this question can be summarized as, "The order granting summary judgment was erroneous; therefore, the denial of the motion to amend the judgment was likewise erroneous." Nevertheless, the trial court's order denying the motion to amend stated that "the grounds for relief from the order of summary judgment have not been shown by the Plaintiff."

Rule 59 of the North Carolina Rules of Civil Procedure allows for a new trial if "the verdict is contrary to law" or for "[a]ny other reason heretofore recognized as grounds for new trial." N.C. Gen. Stat. § 1A-1, Rule 59(a)(7) and (9) (2005). However, a Rule 59 motion "cannot be used as a means to reargue matters already argued or to put forth arguments which were not made but could have been made" at the trial court level. *Smith v. Johnson*, 125 N.C. App. 603, 606, 481 S.E.2d 415, 417, *disc. review denied*, 346 N.C. 283, 487 S.E.2d 554 (1997).

In the instant case, at the hearing on the motion to amend the judgment, counsel for Ms. Sellers admitted his "failure at [the summary judgment hearing] to not have [sic] the cases [he had] for the court today." He then discussed three additional cases that he argued should control the trial court's ruling as to the applicability to the instant case of the equitable defense of unclean hands. From the record before us, it seems clear that these cases contained "arguments which were not made but could have been made" at the trial court level. Accordingly, we agree with the trial court's finding that Ms. Sellers failed to show the grounds for relief from the order of summary judgment. This assignment of error is therefore without merit.

Moreover, after examining the cases cited by defense counsel in the motion to amend, we conclude that the trial court made no errors

of law in its original order granting summary judgment to Ms. Ochs. Defense counsel cited to *High v. Parks*, 42 N.C. App. 707, 257 S.E.2d 661, *cert. denied*, 298 N.C. 806, 262 S.E.2d 1 (1979), *Collins v. Davis*, 68 N.C. App. 588, 315 S.E.2d 759, *aff'd per curiam*, 312 N.C. 324, 321 S.E.2d 892 (1984), and a third case not named in the record. *High v. Parks*, however, involved a judgment on the pleadings, not a summary judgment, and this Court found that the trial court had therefore made "selective findings of fact and conclusions of law inappropriate for a Rule 12(c) motion." 42 N.C. App. at 710-11, 257 S.E.2d at 663. That holding is thus inapplicable to this case. The facts of *Collins v. Davis* can likewise be distinguished from those here; in *Collins*, this Court found the real property claim at issue to be unrelated to plaintiff's adulterous relationship with defendant and reversed the directed verdict for the defendant that had been granted on the grounds of plaintiff's unclean hands.[2] 68 N.C. App. at 592-93, 315 S.E.2d at 762. Here, however, Ms. Sellers was barred by her unclean hands because her efforts to avoid judgment creditors led directly to the decision to put the real property in Ms. Ochs' name.

Our Supreme Court has long held that, "[w]here both parties have united in a transaction to defraud another, or others, or the public, or the due administration of the law, or which is against public policy, or *contra bonos mores*, the courts will not enforce it in favor of either party." *Penland v. Wells*, 201 N.C. 173, 175-76, 159 S.E. 423, 424 (1931) (citation and quotation omitted); *see also Hood v. Hood*, 46 N.C. App. 298, 300, 264 S.E.2d 814, 816 (1980) (barring a plaintiff husband from enforcing a resulting trust against his defendant wife, where his purpose was to shield the property from potential seizure by the State).

In this case, it is obvious to us that Ms. Sellers "was attempting to get [her] fodder out of the field before the storm broke," *Penland*, 201 N.C. at 176, 159 S.E. at 424, and the trial court therefore correctly barred her from recovery against Ms. Ochs.

Dismissed in part, affirmed in part.

Judges McGEE and McCULLOUGH concur.

---

2. It should be noted that Judge Phillips wrote the opinion in *Collins*, with which Judge Wells concurred only in the result. The third judge, Judge Braswell, dissented. Thus, the majority opinion of the Court of Appeals was a "result only opinion" which our Supreme Court summarily affirmed *per curiam* without adopting the reasoning provided by Judge Phillips. 68 N.C. App. 588, 315 S.E.2d 759, *aff'd per curiam*, 312 N.C. 324, 321 S.E.2d 892 (1984).