DAVID A. JOHNSON AND CHARLENE JOHNSON, PLAINTIFFS v. NORTH CAROLINA FARM BUREAU INSURANCE COMPANY AND JOHN DOE, DEFENDANTS

No. 9230SC1049

(Filed 16 November 1993)

**Insurance § 511 (NCI4th) — injury caused by unknown motorist — no contact with insured — no uninsured or underinsured coverage — recovery from out-of-state carrier — no effect on coverage**

Business and personal insurance policies issued by defendant to plaintiff did not provide uninsured or underinsured coverage for injuries sustained by plaintiff when the automobile in which he was a passenger was forced off the road by an unknown motorist, since plaintiff was injured without making contact with the unknown motorist's vehicle; an uninsured carrier is not obligated to pay uninsured proceeds when there is no contact between its insured and an unknown motorist's vehicle, nor would the underinsured carrier be liable because the unknown driver is not an underinsured motorist; and payment of uninsured proceeds by the automobile owner's insurance company located in another state where contact is not required between insured and the unknown motorist should not expose another insurance company to the risks which the contact requirement was designed to eliminate.

**Am Jur 2d, Automobile Insurance § 330 et seq.**

Appeal by plaintiffs from judgment entered 20 August 1992 by Judge Robert D. Lewis in Cherokee County Superior Court. Heard in the Court of Appeals 29 September 1993.

Plaintiff David Johnson was seriously injured when the automobile in which he was a passenger was forced off the road by an unknown motorist. Plaintiff and the automobile's owner, Anna, were travelling on a mountain road near Murphy, North Carolina, when the unknown motorist approached them from ahead and crossed the center line. In an attempt to avoid a collision Anna swerved to the side of the road and as a result lost control of her automobile. The automobile rolled down an embankment and stopped after hitting a concrete culvert. Plaintiff, Anna, and another driver saw the unknown motorist, but they could not give police enough information to identify him.

Anna was insured by Clarendon National Insurance Company (Clarendon) under a policy with liability limits of $25,000 per person. Plaintiff submitted a claim to Clarendon, claiming that Anna negligently operated her automobile and caused his injuries. Clarendon denied Anna's negligence, and plaintiff thereafter submitted a claim for uninsured coverage under the Clarendon policy. Clarendon and plaintiff settled when Clarendon offered the full amount of its liability under the uninsured provision.

Plaintiff then submitted a claim to North Carolina Farm Bureau Insurance Company (Farm Bureau) for uninsured and underinsured coverage on his business and personal insurance policies. The limits of uninsured and underinsured liability under plaintiff's policies with Farm Bureau were $100,000 under the business policy and $50,000 per person/$100,000 per occurrence under the personal policy. Farm Bureau denied liability under both the uninsured and underinsured provisions, and plaintiff instituted this action seeking a declaratory judgment that Farm Bureau was liable for either uninsured or underinsured coverage. Plaintiff's wife was joined as a plaintiff seeking damages for loss of consortium. On the declaratory judgment claim, the trial judge ruled in favor of Farm Bureau, finding that the policies did not provide uninsured or underinsured coverage. The trial judge then entered summary judgment in favor of Farm Bureau. Plaintiffs appeal from this judgment.

*Lindsay & True, by Ronald C. True, for plaintiff appellants.*

*Willardson & Lipscomb, by William F. Lipscomb, for defendant appellee Farm Bureau.*

ARNOLD, Chief Judge.

Plaintiffs argue that N.C. Gen. Stat. § 20-279.21 and the two Farm Bureau policies provide for underinsured coverage under these facts and that the trial court erred by ruling otherwise. We disagree.

An underinsured motor vehicle is "a highway vehicle with respect to the ownership, maintenance, or use of which, the sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the applicable limits of liability under the owner's policy." G.S. § 20-279.21(b)(4). Underinsured insurance is derivative in nature and depends upon the insured having a legal claim against a negligent

tort-feasor operating an underinsured motor vehicle and the exhaustion of the underinsured operator's liability insurance. *Silvers v. Horace Mann Ins. Co.*, 324 N.C. 289, 378 S.E.2d 21 (1989). Uninsured coverage, on the other hand, is available when an insured plaintiff is injured by a motor vehicle with no liability insurance or with liability insurance in an amount less than our state's statutory minimum. G.S. § 20-279.21(b)(3).

An unidentified motor vehicle, such as the one which caused plaintiffs' damages, is statutorily treated as an uninsured motor vehicle. *Id.* Plaintiffs are, therefore, faced with two barriers to recovery under the underinsured provisions of the policies: (1) there was no exhaustion of an underinsured tort-feasor's liability insurance, a prerequisite to payment of underinsured proceeds, and (2) the motor vehicle that caused the injuries is deemed an uninsured motor vehicle by statute. Plaintiffs apparently acknowledge these deficiencies, but present us with a unique argument. Plaintiffs' theory depends upon a mutated definition of underinsured motor vehicle. Because underinsured coverage depends upon the exhaustion of an underinsured tort-feasor's liability coverage, plaintiffs argue that the uninsured coverage they received is a substitute for the unknown motorist's liability coverage. Thus, plaintiffs argue that the uninsured motor vehicle in this case was transformed into an underinsured motor vehicle when Anna's uninsured carrier paid out its policy limits.

We disagree with plaintiffs' reasoning. The legislature never intended for G.S. §§ 20-279.21(b)(3) and (4) to provide coverage in this situation. Plaintiff David Johnson was injured by an unknown uninsured motorist without making contact with the unknown motorist's vehicle. An uninsured carrier is not obligated to pay uninsured proceeds when there is no contact between its insured and an unknown motorist's vehicle, *Andersen v. Baccus*, 109 N.C. App. 16, 426 S.E.2d 105, *disc. review allowed*, 333 N.C. 574, 429 S.E.2d 568 (1993); *Petteway v. South Carolina Ins. Co.*, 93 N.C. App. 776, 379 S.E.2d 80, *disc. review denied*, 325 N.C. 273, 384 S.E.2d 518 (1989), nor would the underinsured carrier be liable because the unknown driver is not an underinsured motorist. G.S. § 20-279.21(b)(3). Under normal circumstances then, plaintiffs would be left without recovery, a point which plaintiffs concede. This situation arose apparently only because Clarendon is a Florida insurance company, and in Florida there is no requirement of contact before an insured may recover uninsured proceeds.

The fortuitous payment of uninsured proceeds should not change the result under our statutory scheme which provides no coverage in this situation. The contact requirement was developed to protect insurance companies from fraudulent hit and run claims that were actually caused by the insured's negligence. *Andersen*, 109 N.C. App. at 20, 426 S.E.2d at 108 (citing *McNeil v. Hartford Accident and Indemn. Co.*, 84 N.C. App. 438, 442, 352 S.E.2d 915, 917 (1987)). Similar concerns arise here, where the only difference is that plaintiffs received insurance proceeds from an uninsured carrier. Payment of uninsured proceeds from one insurance company should not expose another insurance company to the risks which the contact requirement was designed to eliminate. The trial court's judgment is affirmed.

Affirmed.

Judges WYNN and JOHN concur.