## HOMOLY v. N.C. STATE BD. OF DENTAL EXAMINERS

[121 N.C. App. 695 (1996)]

PAUL A. HOMOLY, D.D.S., PETITIONER-APPELLANT V. NORTH CAROLINA STATE BOARD OF
DENTAL EXAMINERS, RESPONDENT-APPELLEE

No. COA95-358

(Filed 5 March 1996)

**Administrative Law and Procedure § 46 (NCI4th)— licensing disputes between agencies and individuals—statute requiring use of informal procedures inapplicable**

    N.C.G.S. § 150B-22, which provides for use of informal procedures to settle licensing disputes between agencies and individuals as a precondition to the dispute becoming a contested case, does not apply to occupational licensing agencies such as respondent Board of Dental Examiners which are governed by Article 3A of the North Carolina Administrative Procedures Act. Therefore, the Board was not required to try to settle this matter informally prior to holding a hearing on the suspension of petitioner's dental license.

### Am Jur 2d, Administrative Law § 299.

    Appeal by petitioner from judgment entered 5 October 1994 and amended 3 November 1994 by Judge Henry W. Hight, Jr., in Wake County Superior Court. Heard in the Court of Appeals 23 January 1996.

    *Hafer, McNamara, Caldwell, Carraway, Layton & McElroy, P.A., by Edmond W. Caldwell, Jr.; and White, Getgey & Meyer Co., L.P.A., by Frank R. Recker, for petitioner appellant.*

    *Bailey & Dixon, L.L.P., by Ralph McDonald and Denise Stanford Haskell, for respondent appellee.*

SMITH, Judge.

    Petitioner, a licensed dentist, seeks appellate review of a superior court order affirming the North Carolina State Board of Dental Examiners final agency decision to suspend his license for five years, with a conditional reinstatement after 30 days. The Board suspended petitioner's license following a hearing conducted in response to complaints filed by several of petitioner's former patients relating to dental implants.

On 4 September 1992, the Board sent a notice of hearing to petitioner. On 13 October 1992, the Board filed an amendment to notice of hearing and on 6 January 1993, the Board filed a second amendment to notice of hearing. An administrative hearing was conducted by the Board on 16 January 1993 and on 6 May 1993, the Board issued a final agency decision suspending petitioner's license for violations of N.C. Gen. Stat. §§ 90-41(a)(12), 90-40 and 90-41(a)(6).

Petitioner filed a petition seeking judicial review pursuant to N.C. Gen. Stat. § 150B-43 on 9 June 1993, and a stay of the Board's decision was entered by the trial court on that same day. The case was heard on 26 September 1994, and in a 4 October 1994 judgment, the trial court affirmed the Board's decision. On 3 November 1994, the trial court entered an amendment to judgment.

In his assignments of error, petitioner contends that the trial court erred in concluding (1) that N.C. Gen. Stat. § 150B-22 did not apply to the dispute which is the subject of this appeal, and (2) that the Board's failure to comply with that statutory section did not constitute prejudicial error. After carefully reviewing the relevant statutory sections, we disagree and affirm.

The Board of Dental Examiners (the Board) is an agency governed by the provisions of the North Carolina Administrative Procedure Act (NCAPA). *See* N.C. Gen. Stat. § 150B-1(c) (1995). The Board is not exempt from the contested case provisions of NCAPA. *See* N.C. Gen. Stat. § 150B-1(e) (1995). However, from the foregoing premises, it does not follow, as petitioner argues, that § 150B-22 applies to the Board.

N.C. Gen. Stat. § 150B-22 is contained within Article 3 of the NCAPA. Article 3 is entitled "Administrative Hearings," and governs administrative hearings which are conducted by the Office of Administrative Hearings (OAH) and are heard by an administrative law judge (ALJ). Article 3A of the NCAPA is entitled "Other Administrative Hearings," and governs hearings involving the following agencies:

(1) Occupational licensing agencies;

(2) The State Banking Commission, the Commissioner of Banks, the Savings Institutions Division of the Department of Commerce, and the Credit Union Division of the Department of Commerce; and

    (3) The Department of Insurance and the Commissioner of Insurance.

N.C. Gen. Stat. § 150B-38(a) (1995). As an occupational licensing agency, hearings before the Board of Dental Examiners are thus governed by Article 3A of the NCAPA.

    N.C. Gen. Stat. § 150B-22, which is the first provision of Article 3, provides:

> It is the policy of this State that any dispute between an agency and another person that involves the person's rights, duties, or privileges, including licensing or the levy of a monetary penalty, should be settled through informal procedures. In trying to reach a settlement through informal procedures, the agency may not conduct a proceeding at which sworn testimony is taken and witnesses may be cross-examined. If the agency and the other person do not agree to a resolution of the dispute through informal procedures, either the agency or the person may commence an administrative proceeding to determine the person's rights, duties, or privileges, at which time the dispute becomes a "contested case."

N.C. Gen. Stat. § 150B-22 (1995).

    Article 3A does not contain an analogous provision. However, petitioner maintains that the "informal procedures" language of § 150B-22 applies to administrative hearings governed by Article 3 as well as those governed by Article 3A. In this case, the Board did not pursue informal channels of resolution with petitioner prior to sending notice of hearing. Petitioner contends that, in failing to pursue settlement through informal means, this matter did not properly become a contested case, thus, the Board had no jurisdiction to proceed to formal hearing. We disagree and hold that § 150B-22 does not apply to agencies governed by Article 3A of the NCAPA.

    Article 3 of the NCAPA applies to administrative hearings conducted by OAH before an administrative law judge, while Article 3A applies to "other administrative hearings" which are conducted by state agencies enumerated in § 150B-38(a). Each article contains separate provisions governing all aspects of the administrative hearings to which they apply.

Article 3 contains provisions governing venue, conduct of hearing, depositions and discovery, rules of evidence, designation and power of ALJ, recommended decision of ALJ and final decision. Comparably, Article 3A contains provisions governing venue, depositions and discovery, conduct of hearing, presiding officer, evidence and final agency decision. Article 3 provides for mediated settlement conferences while Article 3A does not. N.C. Gen. Stat. § 150B-23.1 (1995). Article 3A provides a party who has been served with a notice of hearing the opportunity to file a written response with the agency prior to hearing. N.C. Gen. Stat. § 150B-38(d) (1995). Article 3 does not provide parties with similar opportunity. If Article 3 applied to hearings before agencies listed in Article 3A, these and other provisions would conflict.

Article 3 also provides for designation of an ALJ and enumerates ALJ powers, while Article 3A states that a presiding officer from the respective agency shall preside at the hearing. *Compare* N.C. Gen. Stat. §§ 150B-32, -33 *with* 150B-40. Furthermore, § 150B-40(e) provides that "[w]hen a majority of an agency is unable or elects not to hear a contested case," the agency is to apply to the OAH for designation of an ALJ. In such case, "[t]he provisions of [Article 3A], rather than the provisions of Article 3, shall govern a contested case . . . ." N.C. Gen. Stat. § 150B-40(e) (1995). If the legislature had intended Article 3 to apply to Article 3A hearings and procedure, it would not have been necessary to include language that Article 3A provisions rather than Article 3 provisions apply when an Article 3A agency requests an ALJ to conduct an agency hearing.

Both articles also have provisions in which the language is identical. Each have duplicate provisions dealing with depositions and evidence. *See* N.C. Gen. Stat. §§ 150B-29(b), -41(b) and 150B-28(a), -39(b). Several other provisions of each article are very similar, with only slightly different wording. *See* N.C. Gen. Stat. §§ 150B-28(b), -39(b) and 150B-23(c), -38(c). Again, if the legislature had intended Article 3 provisions to be read into Article 3A, it would not have been necessary to include the same or similar provisions in each article. Clearly, the legislature intended each article to fully govern the administrative hearings to which each applies without overlap.

Article 3, a general provision, applies to all administrative agency hearings not covered by Article 3A. Those agencies covered under Article 3A are specifically listed in N.C. Gen. Stat. § 150B-38(a). "It is a well established principle of statutory construction that a section of

a statute dealing with a specific situation controls, with respect to that situation, [over] sections which are general in their application." *Utilities Comm. v. Electric Membership Corp.*, 275 N.C. 250, 260, 166 S.E.2d 663, 670 (1969) (citing *Utilities Comm. v. Coach Co.*, 236 N.C. 583, 73 S.E.2d 562). In this case, hearings conducted by occupational licensing boards and banking and insurance regulators are governed exclusively by the specific provisions of Article 3A, rather than the general provisions of Article 3 of the NCAPA.

Petitioner argues that N.C. Gen. Stat. § 150B-1(e) mandates that § 150B-22 applies to Article 3A as well as Article 3 hearings. N.C. Gen. Stat. § 150B-1(e) provides that "[t]he contested case provisions of this Chapter apply to all agencies and all proceedings not expressly exempted from the Chapter." N.C. Gen. Stat. § 150B-1(e) (1995). The Board is not expressly exempted from Chapter 150B. Petitioner argues that § 150B-22 is a contested case provision which, therefore, governs Article 3A agencies. As we have discussed, many of the provisions of 3 and 3A would be in conflict if they were construed to apply together. Thus, the contested case provisions of Article 3 do not apply to Article 3A agencies and the same is true conversely.

Furthermore, the language of § 150B-22 which petitioner argues should apply to the Board, regarding informal settlement procedures, is not a "contested case provision" as that phrase is used in § 150B-1(e). Rather, it is merely a precondition which should be met by Article 3 agencies before the dispute between the parties ever becomes a "contested case" as defined by § 150B-2(2). These assignments of error are overruled.

In petitioner's remaining assignment of error he maintains that the judgment entered by the superior court affirming the final agency decision of the Board is contrary to the evidence in the whole record and is erroneous as a matter of law. In determining whether an agency's decision is supported by substantial evidence, we apply the "whole record" test. *Rector v. N.C. Sheriffs' Educ. and Training Standards Comm.*, 103 N.C. App. 527, 406 S.E.2d 613 (1991). The "whole record" test requires that "[i]f, after all of the record has been reviewed, substantial competent evidence is found which would support the agency ruling, the ruling must stand." *Little v. Board of Dental Examiners*, 64 N.C. App. 67, 68-69, 306 S.E.2d 534, 536 (1983). After reviewing the evidence in the record we find ample substantial evidence to support the agency's findings and conclusions as to each claim. Therefore, this assignment of error is overruled.

For the foregoing reasons, the decision of the Board of Dental Examiners to suspend petitioner's license, with a conditional reinstatement in 30 days, is

Affirmed.

Judges JOHNSON and JOHN concur.