PAUL A. HOMOLY, D.D.S., PETITIONER-APPELLANT v. NORTH CAROLINA STATE BOARD OF DENTAL EXAMINERS, RESPONDENT-APPELLEE

No. COA96-252

(Filed 7 January 1997)

1. **Administrative Law and Procedure § 46 (NCI4th)— complaint against dentist—informal settlement procedures not required—contested case**

   The State Board of Dental Examiners' failure to attempt to resolve a patient's complaint against a dentist through informal settlement procedures did not prevent the dispute from becoming a contested case within the jurisdiction of the Board.

   **Am Jur 2d, Administrative Law §§ 279, 299.**

2. **Physicians, Surgeons, and Other Health Care Professionals § 60 (NCI4th)— dentist—negligent treatment—reprimand—sufficient evidence**

   A decision of the State Board of Dental Examiners to reprimand a dentist for negligence in the treatment of a patient was supported by substantial evidence.

---

**Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 111, 116-118.**

Appeal by petitioner from judgment entered 18 December 1995 by Judge H.W. Zimmerman, Jr. in Union County Superior Court. Heard in the Court of Appeals 31 October 1996.

*Frank R. Recker & Associates, by Frank R. Recker; and Kennedy, Covington, Lobdell & Hickman, by Kiran H. Mehta and Lara E. Simmons; for petitioner-appellant.*

*Bailey & Dixon, L.L.P., by Ralph McDonald and Denise Stanford Haskell, for respondent-appellee.*

WALKER, Judge.

On 25 April 1988, Ms. Vickie Ebbers consulted with petitioner, a licensed dentist, regarding the placement of fixed dental implants, dentures, and a lower bridge in her mouth. Ebbers agreed to a treatment plan recommended by petitioner which included the placement of implants and two dental bridges. On 14 July 1988, petitioner placed dental implants in Ebber's mouth. Later, on 16 August 1989, petitioner placed a bridge in Ebber's upper arch, and on 20 December 1989, Dr. Rossitch, petitioner's employee, placed a bridge in Ebber's lower arch. Petitioner continued to treat Ebbers until 15 May 1991. On 1 February 1993, Ebbers filed a complaint with respondent regarding the treatment she received from petitioner.

After an evidentiary hearing, respondent found that petitioner had failed to comply with the applicable standard of care in his treatment of Ebbers and that such failure constituted negligence. Petitioner was formally reprimanded for his conduct but additional disciplinary action was deferred for a period of five years provided that he abide by certain probationary terms. Petitioner, pursuant to N.C. Gen. Stat. § 150B-45 (1995), petitioned the trial court seeking review of respondent's decision to reprimand him. The trial court affirmed respondent's decision.

[1] On appeal, petitioner first contends that N.C. Gen. Stat. § 150B-22 (1995) requires respondent to attempt to resolve its disputes through informal settlement procedures before proceeding to a formal hearing. Petitioner argues that because respondent did not attempt to resolve the dispute through informal settlement procedures, his case never properly became a "contested case" under N.C. Gen. Stat.

§ 150B-22, and respondent did not have jurisdiction to hear his case. This Court, in another case involving petitioner, recently rejected the same argument. In *Homoly v. N.C. State Bd. of Dental Examiners*, 121 N.C. App. 695, 468 S.E.2d 481, *review denied*, 343 N.C. 306, 471 S.E.2d 71 (1996), our Court held that N.C. Gen. Stat. § 150B-22 did not apply to respondent. We find *Homoly* controlling in the present case, and it is therefore unnecessary to further address this issue.

[2] Petitioner also contends that the trial court erred in upholding respondent's decision to reprimand him because respondent's decision was not supported by the evidence. The North Carolina Administrative Procedure Act (APA), codified in Chapter 150B of the General Statutes, governs trial and appellate court review of administrative agency decisions. *Amanini v. N.C. Department of Human Resources*, 114 N.C. App. 668, 673, 443 S.E.2d 114, 117 (1994). The court's scope of review is described in N.C. Gen. Stat. § 150B-51(b) (1995) as follows:

> [T]he court reviewing a final decision may affirm the decision of the agency or remand the case for further proceedings. It may also reverse or modify the agency's decision if the substantial rights of the petitioners may have been prejudiced because the agency's findings, inferences, conclusions, or decisions are:
>
> (1) In violation of constitutional provisions;
>
> (2) In excess of the statutory authority or jurisdiction of the agency;
>
> (3) Made upon unlawful procedure;
>
> (4) Affected by other error of law;
>
> (5) Unsupported by substantial evidence admissible under G.S. 150B-29(a), 150B-30, or 150B-31 in view of the entire record as submitted; or
>
> (6) Arbitrary or capricious.

The standard of review to be applied by the reviewing court depends on the issues presented on appeal. *Amanini*, 114 N.C. App. at 674, 443 S.E.2d at 118 (citations omitted).

> If [petitioner] argues the agency's decision was based on an error of law, then "de novo" review is required. If, however, [petitioner] questions (1) whether the agency's decision was sup-

ported by the evidence or (2) whether the decision was arbitrary or capricious, then the reviewing court must apply the "whole record" test.

*Id.* Under the "de novo" standard, the reviewing court must consider the question presented on appeal anew, as if undecided by an agency, whereas under the "whole record" test, the reviewing court must consider all competent evidence to determine whether the agency's decision is supported by substantial evidence. *Id.* "Substantial evidence" is that amount of evidence a reasonable person would consider adequate to support a particular conclusion. *Walker v. N.C. Dept. of Human Resources*, 100 N.C. App. 498, 503, 397 S.E.2d 350, 354 (1990), *cert. denied*, 328 N.C. 98, 402 S.E.2d 430 (1991). The scope of review of this Court is to examine the "whole record" in order to determine whether substantial evidence exists to support respondent's findings and conclusions that petitioner failed to comply with the applicable standard of care. *See Dorsey v. UNC-Wilmington*, 122 N.C. App. 58, 62-63, 468 S.E.2d 557, 560 (1996).

Because petitioner contends that respondent's decision to reprimand him for negligence was not supported by the evidence, the "whole record" test was the proper standard of review for the trial court to apply. The trial court concluded in its judgment that respondent's findings of fact, conclusions of law, and decision were supported by the record (R. at 29); therefore, it properly applied the "whole record" test. We must next examine the "whole record" to ascertain whether substantial evidence exists to support respondent's decision.

At the evidentiary hearing, petitioner and respondent offered conflicting evidence on the issue of petitioner's negligence. Petitioner complains that the only evidence to support respondent's findings of fact was provided by Dr. Samuel Davis, and that because Dr. Davis had treated Ebbers and another patient involved in the same hearing against petitioner, his testimony was biased and lacked credibility. As this Court stated in *Little v. Board of Dental Examiners*, 64 N.C. App. 67, 68-69, 306 S.E.2d 534, 536 (1983), "[i]n an administrative proceeding, it is the prerogative and duty of that administrative body . . . 'to determine the weight and sufficiency of the evidence and the credibility of the witnesses, to draw inferences from the facts, and to appraise conflicting and circumstantial evidence.' " Thus, respondent " 'may accept or reject in whole or part the testimony of any witness.' " *Id.* at 69, 306 S.E.2d at 536. In addition,

[i]t is within the province of [respondent] as an administrative agency to apply its own expertise in its conduct and evaluation of a disciplinary hearing. In the process of accepting or rejecting expert testimony the law does not require [respondent] to identify its method of reasoning or its method of determining credibility.

*Woodlief v. N.C. State Bd. of Dental Examiners*, 104 N.C. App. 52, 58, 407 S.E.2d 596, 600 (1991) (citations omitted). As in *Little*, respondent, whose composition includes licensed dental professionals, was qualified to judge whether petitioner violated the standard of care of a licensed dentist practicing in North Carolina. *See Little*, 64 N.C. App. at 75, 306 S.E.2d at 539.

After reviewing the "whole record," we find substantial evidence exists to support respondent's decision to reprimand petitioner; therefore, the trial court did not err in upholding respondent's decision.

Affirmed.

Judges LEWIS and SMITH concur.