McGEE, Chief Judge.
Steven Andrew Kaska ("Plaintiff") appeals from an order allowing a motion to dismiss as to Progressive Universal Insurance Company ("Defendant"). We affirm.
I. Background
Plaintiff was driving his motorcycle on State Road 1509 in Onslow County on 5 January 2013 when a large truck hauling gravel rounded a curve in the road at excessive speed, crossed the center line, swerved, and dumped gravel on and around Plaintiff. This spray of debris made "direct contact" with Plaintiff and his motorcycle, causing Plaintiff to lose control of the motorcycle and crash it. The truck did not stop, and neither the driver nor the owner of the truck were ever identified. Plaintiff sustained bodily injuries as a result of his motorcycle crash.
At the time of the 5 January 2013 accident ("the accident"), Plaintiff was insured under an automobile liability policy with Defendant, as well as a separate policy with Defendant USAA General Indemnity Company ("USAA General").[1] Plaintiff filed claims with Defendant and USAA General seeking uninsured motorist ("UM") coverage for losses sustained as a result of the accident. Both claims were denied. In a letter to Plaintiff dated 19 May 2014, Defendant explained it was
not denying uninsured motorist coverage. Our position is that uninsured motorist coverage has not been triggered based on the facts presented. Our investigation determined that there was no contact between ... [Plaintiff] and an uninsured motor vehicle.... The statements received indicated that [Plaintiff] may have hit some debris, dust or dirt which may have fallen from the dump truck. The accident report also indicates that there was no contact between the phantom dump truck and [Plaintiff].
Citing precedent of this Court, Defendant concluded that, in order to trigger uninsured motorist coverage, "the [striking] object must be part of the equipment attached to the [hit-and-run] vehicle; it cannot be something falling out of the vehicle."
Plaintiff filed a complaint against Defendant and USAA General on 5 January 2016, alleging claims for breach of contract; breach of fiduciary duty; violation of the North Carolina Motor Vehicle Safety and Financial Responsibility Act; bad faith insurance coverage denial; and unfair and deceptive trade practices. Plaintiff submitted with his complaint an affidavit sworn by Victoria Blevins ("Ms. Blevins"), an alleged eyewitness to the accident. Ms. Blevins stated in her affidavit that she was driving approximately four or five cars behind Plaintiff's motorcycle just before the accident and could easily see Plaintiff's motorcycle; that Plaintiff was traveling no more than thirty-five miles per hour, and slowed down to fifteen or twenty miles per hour as he approached a curve in the road; that a dump truck coming from the opposite direction was traveling at an excessive and unsafe speed as it neared the curve; and that, as a result of its speed, the dump truck "was leaning extensively to the point that [she] thought it would possibly flip over." Ms. Blevins further averred that debris from the dump truck made direct contact with Plaintiff and Plaintiff's motorcycle; that the motorcycle would not have crashed but for the debris hitting it; that Plaintiff was using proper caution and driving safely; that the accident would not have happened if the dump truck had been operating at a reasonable speed; and that it appeared Plaintiff "could not have done anything to avoid the accident."
Defendant filed a motion to dismiss Plaintiff's complaint pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) on 16 February 2016. In support of its motion, Defendant contended that "[t]he North Carolina courts have interpreted [the applicable] statute to require physical contact between the vehicle operated by the insured motorist and the vehicle operated by the hit-and-run driver for the uninsured motorist provisions of the statute to apply." Additionally, according to Defendant, its own automobile liability policy "require[d] physical contact ('hits') between such vehicles to trigger coverage for an uninsured motorist claim." Defendant maintained that, because Plaintiff's complaint "show[ed] that no physical contact between the vehicles operated by ... Plaintiff and the uninsured, unidentified driver occurred, the face of Plaintiff's complaint reveal[ed] the presence of an insurmountable bar to his requested relief." The trial court allowed Defendant's motion by order entered 20 April 2016, based on the lack of physical contact between Plaintiff's motorcycle and the hit-and-run motor vehicle.[2] Plaintiff appeals.
II. Motion to Dismiss
Plaintiff contends the trial court erred by dismissing his complaint for failure to state a claim pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6). According to Plaintiff, the governing statutory provisions should be construed to provide uninsured motorist coverage in this case. As explained below, we must disagree.
A. Standard of Review
"The only purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the pleading against which it is directed. The function of a motion to dismiss is to test the law of a claim, not the facts which support it." Feltman v. City of Wilson , 238 N.C. App. 246, 251, 767 S.E.2d 615, 619 (2014) (citation and quotation marks omitted). "The complaint must be liberally construed, and the court should not dismiss the complaint unless it appears beyond a doubt that the plaintiff could not prove any set of facts to support his claim which would entitle him to relief. " Craven v. SEIU Cope , 188 N.C. App. 814, 816, 656 S.E.2d 729, 731 (2008) (citation and quotation marks omitted) (emphasis in original).
Dismissal is proper when one of the following three conditions is satisfied: (1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim.
Wells Fargo Bank, N.A. v. Corneal , 238 N.C. App. 192, 195, 767 S.E.2d 374, 377 (2014) (citation and quotation marks omitted). This Court reviews a motion to dismiss pursuant to Rule 12(b)(6) de novo in order to determine "whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory." Harrell v. Bowen , 179 N.C. App. 857, 858, 635 S.E.2d 498, 500 (2006) (citation and quotation marks omitted).
B. Analysis
The North Carolina Motor Vehicle Safety and Financial Responsibility Act ("Financial Responsibility Act" or "FRA"), codified in Chapter 20, Article 9A of our General Statutes, see N.C. Gen. Stat. § 20-279.1 et seq. , "provide[s] protection, within certain limits, to insureds who are legally entitled to recover damages for bodily injury from owners or operators of uninsured motor vehicles." Dildy v. Insurance Co. , 13 N.C. App. 66, 69, 185 S.E.2d 272, 274 (1971) ; see also Hamilton v. Travelers Indemnity Co. , 77 N.C. App. 318, 321, 335 S.E.2d 228, 230 (1985) ("U[ninsured] M[otorist] coverage was designed by the [L]egislature to provide certain minimum financial protection to persons injured by financially irresponsible motorists." (citation omitted)). Specifically, the purpose of our UM statute "is to provide some financial recompense to innocent persons who receive bodily injury ... due to the negligence of uninsured motorists or those unidentified drivers who leave the scene of an accident, i.e. , those who cannot be made to respond to damages." Williams v. Holsclaw , 128 N.C. App. 205, 213, 495 S.E.2d 166, 171 (1998) (citation omitted). The statute "should be liberally construed to accomplish the beneficial purpose intended by the General Assembly." Id. at 212-13, 495 S.E.2d at 171 ; see also Lunsford v. Mills , 367 N.C. 618, 626, 766 S.E.2d 297, 303 (2014) (concluding "the FRA as a whole ... should be interpreted to provide the innocent victim with the fullest possible protection." (citation and internal quotation marks omitted)). "The provisions of the Financial Responsibility Act are 'written' into every automobile liability policy as a matter of law, and, when the terms of [a] policy conflict with the statute, the provisions of the statute will prevail." Insurance Co. v. Chantos , 293 N.C. 431, 441, 238 S.E.2d 597, 604 (1977) (citations omitted).
N.C. Gen. Stat. § 20-279.21(b)(3) b. (2015), which defines "motor vehicle liability policy," provides in part that
[w]here the insured, under the uninsured motorist coverage, claims that he has sustained bodily injury as the result of collision between motor vehicles and asserts that the identity of the operator or owner of a vehicle (other than a vehicle in which the insured is a passenger) cannot be ascertained, the insured may institute an action directly against the insurer[.]
Plaintiff's appeal concerns this Court's construction of the statutory requirement of a "collision between motor vehicles " in order to trigger uninsured motorist coverage. Plaintiff notes that the term "crash" is defined, for purposes of Chapter 20, as "[a]ny event that results in injury or property damage attributable directly to the motion of a motor vehicle or its load . The terms collision, accident, and crash and their cognates are synonymous." See N.C. Gen. Stat. § 20-4.01(4b) (2015) (emphasis added). Plaintiff contends that because "crash" is statutorily synonymous with "collision," and because "crash" is defined to include an event resulting in "injury ... attributable directly to the motion of a motor vehicle or its load ," this Court should construe the FRA's specific requirement of a "collision between motor vehicles" to encompass "not only contact between motor vehicles themselves, but also [contact] between motor vehicles and the 'load' of a [hit-and-run] motor vehicle[.]"
"[I]n effectuating legislative intent, it is our duty to give effect to the words actually used in a statute and not to delete words used or to insert words not used." Lunsford , 367 N.C. at 623, 766 S.E.2d at 301 (citations omitted); see also State v. Moraitis , 141 N.C. App. 538, 541, 540 S.E.2d 756, 757-58 (2000) ("We presume that the use of a word in a statute is not superfluous and must be accorded meaning, if possible." (citation omitted)). We observe that the General Assembly added the phrase "between motor vehicles " to describe the specific type of "collision" required under N.C.G.S. § 20-279.21(b)(3) b., rather than merely requiring a "crash" or "collision." See McLaughlin v. Bailey , --- N.C. App. ----, ----, 771 S.E.2d 570, 579 (2015) ("It is a tenet of statutory construction that a change in phraseology when dealing with a subject raises a presumption of a change in meaning." (citation and quotation marks omitted)). We also note that, while Chapter 20's broader definition of "crash" encompasses both injury and property damage, the FRA expressly limits uninsured motorist coverage to claims of bodily injury.[3] "[A] section of a statute dealing with a specific situation controls, with respect to that situation, [over] sections which are general in their application." Homoly v. N.C. State Bd. of Dental Examiners , 121 N.C. App. 695, 698-99, 468 S.E.2d 481, 483-84 (1996) (citation and quotation marks omitted); see also N.C. Gen. Stat. § 20-4.01 (2015) (providing that "[u]nless the context requires otherwise , the following definitions apply throughout this Chapter to the defined words and phrases and their cognates[.]" (emphasis added)).
Defendant argues the present case is factually indistinguishable from Prouse v. Bituminous Cas. Corp. , 222 N.C. App. 111, 730 S.E.2d 239 (2012), in which this Court held the FRA did not apply due to the lack of physical contact between an insured motorist's vehicle and a hit-and-run vehicle. In Prouse , the plaintiff was riding as a passenger in a truck "owned by his employer and being operated by a coworker when the truck was struck by a ... tire, which fell from a moving vehicle," causing the plaintiff's co-worker to lose control of the truck and the truck to overturn. Id. at 112, 730 S.E.2d at 240. The plaintiff sustained injuries from the accident and sought uninsured motorist coverage under liability policies he held with two different insurers. Id. Both insurers denied UM coverage, and the plaintiff filed a complaint alleging he was entitled to UM coverage under N.C.G.S. § 20-279.21(b)(3) b. The insurers filed Rule 12(b)(6) motions to dismiss the plaintiff's complaint, citing precedent of this Court interpreting the FRA "to require physical contact between the vehicle operated by the insured motorist and the vehicle operated by the hit-and-run driver for the uninsured motorist provisions of the statute to apply." See Moore v. Nationwide Mut. Ins. Co. , 191 N.C. App. 106, 109, 664 S.E.2d 326, 328 (2008).
In holding that the Prouse plaintiff's complaint was properly dismissed, this Court found our decision in Moore controlling. In Moore , the plaintiff sought UM coverage after his vehicle hit a pine tree log in the middle of the interstate that, the plaintiff alleged, had fallen off another vehicle.[4] Prouse , 222 N.C. App. at 114, 730 S.E.2d at 241. The plaintiff's insurer denied coverage based on its determination that a log was not an "uninsured motor vehicle." The plaintiff filed a complaint alleging he was wrongfully denied UM coverage. The trial court dismissed the plaintiff's complaint. This Court affirmed, concluding the complaint "fail[ed] to satisfy the physical contact requirement" necessary to trigger UM coverage under N.C.G.S. § 20-279.21. Moore , 191 N.C. App. at 110, 664 S.E.2d at 329. Moore was subsequently affirmed in a per curiam opinion by our Supreme Court. See Moore v. Nationwide Mut. Ins. Co. , 362 N.C. 673, 669 S.E.2d 321 (2008).
This Court in Moore relied in large part on our decision in Andersen v. Baccus , 109 N.C. App. 16, 426 S.E.2d 105 (1993), and its subsequent affirmation by our Supreme Court, in declining to extend the physical contact requirement in N.C.G.S. § 20-279.21(b)(3) b. to include contact with objects from hit-and-run vehicles. In Andersen , an unidentified hit-and-run driver caused a motorist to swerve in order to avoid a collision. The swerving vehicle then struck a third vehicle, killing its driver. The phantom vehicle never made any physical contact with either of the vehicles involved in the accident. In concluding that the decedent's spouse was not entitled to recover under the uninsured motorist provisions in N.C.G.S. § 20-279.21, this Court held that the statute "has traditionally been construed to require, where the claim arises from the negligence of an unidentified motorist, that physical contact be made between the plaintiff's vehicle and that of the unidentified motorist." Id. at 20, 426 S.E.2d at 107. In support of that proposition, we cited, inter alia , McNeil v. Hartford Accident and Indemnity Co. , 84 N.C. App. 438, 352 S.E.2d 915 (1987). In McNeil , a hit-and-run vehicle "hit, not the plaintiff's car, but a third car which was then propelled into the plaintiff's car." Id. at 20, 426 S.E.2d at 108. We summarized the holding in McNeil as follows:
Consistent with the purpose of the "physical contact" requirement [of N.C.G.S. § 20-279.21(b)(3) b.], the [McNeil ] Court concluded that that [sic] requirement is met "where the physical contact arises between the hit-and-run vehicle and [the] plaintiff's vehicle through intermediate vehicles involved in an unbroken 'chain of collision' which involves the hit-and-run vehicle."
Id. at 20-21, 426 S.E.2d at 108 (quoting McNeil , 84 N.C. App. at 442, 352 S.E.2d at 917 ). Thus, following McNeil , a claimant may satisfy the statutory requirement of physical contact by alleging direct or indirect contact with the uninsured vehicle.
After reviewing the above precedent, this Court in Prouse concluded:
As in Moore , [the plaintiff's] complaint alleged that damages resulted from a collision between a vehicle in which [the plaintiff] was riding and an object that had fallen from an unidentified vehicle rather than from physical contact between the [vehicle in which [the plaintiff] was a passenger] and the vehicle that allegedly carried the [object] struck by the [truck].... Unfortunately for [the plaintiff], [our] Supreme Court has expressly decline[d] to change [the] existing judicial interpretation of the uninsured motorist statute ..., which requires physical contact between the insured and the hit-and-run driver. Such contact is not alleged to have occurred here. In such circumstances, we are required to adhere to the principle of stare decisis [,] and lack the authority to revisit the previous decisions of this Court and [our] Supreme Court construing N.C. Gen. Stat. § 20-279.21(b)(3)(b). As a result, given that [the plaintiff's] complaint on its face reveals that no law supports [his] claim, the trial court properly granted [the] [d]efendants' dismissal motions.
Prouse , 222 N.C. App. at 115, 730 S.E.2d at 241-42 (internal citations and quotation marks omitted).
In light of the factual similarities between Prouse and the present case, and because Prouse supports the trial court's ruling, we hold that Plaintiff's complaint was properly dismissed.[5] See In the Matter of Appeal from Civil Penalty , 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of [this Court] has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court.").
AFFIRMED.
Report per Rule 30(e).
Judges STROUD and TYSON concur.

USAA General remains a defendant in the underlying action and is not a party to the present appeal.

The trial court entered a "Revised Order" granting Defendant's motion to dismiss on 16 May 2016 in which it further found that
Plaintiffs' [sic] claims with respect to both Defendants arise out of an identical set of facts, ... and that since this Order disposes of all claims applicable to Defendant Progressive only, it affects ... Plaintiff's substantial right to have a single jury determine whether one or both ... Defendants are financially responsible for the damages to ... Plaintiff arising out of said accident.... The Court therefore finds that there is no just reason for delay and that this Order is subject to immediate appeal as a final Order as to Defendant Progressive, as provided by Rule 54(b) of the North Carolina Rules of Civil Procedure.
Accordingly, Plaintiff's complaint was dismissed with prejudice only as to Defendant.

Additionally, in contrast to N.C.G.S. § 20-279.21(b)(3) b., the word "injury" is not preceded by the word "bodily" in N.C.G.S. § 20-4.01(4b).

This Court noted in Moore that there was no evidence "show[ing] from what vehicle, truck or trailer, if any, the pine tree log fell[.]" Moore , 191 N.C. App. at 110, 664 S.E.2d at 329.

We also note that our General Assembly has periodically enacted amendments to the FRA, most recently in 2015, but it has not amended the language in § 20-279.21(b)(3) b. relevant in the present appeal. See Andersen , 109 N.C. App. at 22, 426 S.E.2d at 108-09 (1993), aff'd in part and rev'd in part , 335 N.C. 526, 439 S.E.2d 136 (1994) ("Our interpretation of [N.C.G.S. § 20-279.21(b)(3) b.] is further supported by the fact that the legislature has undertaken to amend the uninsured motorist statute subsequent to this Court's first interpreting it as requiring physical contact between the insured and the hit-and-run driver. To date, it has not chosen to amend the statute to indicate that that [sic] physical contact is not required. When the legislature acts, it is always presumed that it acts with full knowledge of prior and existing law; and where it chooses not to amend a statutory provision that has been interpreted in a specific, consistent way by our courts, we may assume that it is satisfied with that interpretation." (citations omitted)).