DON EAST v. RESERVE INSURANCE COMPANY

No. 7321SC182

(Filed 13 June 1973)

Insurance § 69— hit-and-run accident — no physical contact established — summary judgment for insurer proper

Trial court properly entered summary judgment for insurer in plaintiff's action to recover under the "hit-and-run automobile" provision of his policy where plaintiff's evidence failed to show that his accident and resulting injuries occurred through actual physical contact with an alleged hit-and-run automobile.

APPEAL by plaintiff from Gambill, Judge, 9 October 1972 Session of FORSYTH Superior Court.

This is a civil action instituted by plaintiff on 30 June 1972 in which he seeks to recover from defendant, his insurer, under uninsured motorists coverage applicable to the motorcycle upon which plaintiff was riding at the time of his injuries. Defendant denies liability, contending (1) that there was no contact between plaintiff's motorcycle and any other vehicle, and (2) that there is no evidence of actionable negligence on the part of the operator of any other vehicle.

On 4 August 1972 defendant caused plaintiff's deposition to be taken and thereafter moved for summary judgment for the reason that there is no genuine issue as to any material fact and defendant is entitled to judgment as a matter of law.

A hearing was held on the motion at which time the court had before it the complaint, answer, deposition of plaintiff, affidavit of one Bob Archer, and the insurance policy. Following the hearing summary judgment was entered in favor of defendant from which plaintiff appealed.

*Laurel O. Boyles for plaintiff appellant.*

*Hudson, Petree, Stockton, Stockton & Robinson by J. Robert Elster for defendant appellee.*

BRITT, Judge.

Plaintiff seeks to recover under the "HIT-AND-RUN AUTOMOBILE" provision of his policy which provides in pertinent part as follows: "The term 'hit-and-run automobile' means an automobile, other than one in which an insured is a passenger, which causes an accident resulting in bodily injury to an insured, arising out of *physical contact* of such vehicle with the insured or with a vehicle which the insured is occupying at the time of the accident, * * *." (Emphasis added.) Plaintiff does not deny that it is incumbent on him to show that there was physical contact between the motorcycle he was riding and the alleged hit and run automobile.

In *Kessing v. Mortgage Corp.*, 278 N.C. 523, 533, 180 S.E. 2d 823, 829 (1971), we find: "The purpose of summary judgment can be summarized as being a device to bring litigation to an early decision on the merits without the delay and expense of a trial where it can be readily demonstrated that no material facts are in issue. * * * Evidence which may be considered under Rule 56 includes admissions in the pleadings, depositions

East v. Insurance Co.

on file, answers to Rule 33 interrogatories, admissions on file whether obtained under Rule 36 or in any other way, affidavits, and any other material which would be admissible in evidence or of which judicial notice may properly be taken."

On the question of summary judgment, this court in *Pridgen v. Hughes,* 9 N.C. App. 635, 639-640, 177 S.E. 2d 425, 428 (1970), said:

> "The burden is on the moving party to establish the lack of a triable issue of fact. The evidentiary matter supporting the moving party's motion may not be sufficient to satisfy his burden of proof, even though the opposing party fails to present any competent counter-affidavits or other materials. *Griffith v. William Penn Broadcasting Co.* (E.D. Pa. 1945) 4 F.R.D. 475. 'But if the moving party by affidavit or otherwise presents materials which would require a directed verdict in his favor, if presented at trial, then he is entitled to summary judgment unless the opposing party either shows that affidavits are then unavailable to him, or he comes forward with some materials, by affidavit or otherwise, that show there is a triable issue of material fact. He need not, of course, show that ˙the issue would be decided in his favor. *But he may not hold back his evidence until trial; he must present sufficient materials to show that there is a triable issue.*' Moore's Federal Practice, 2d Ed., Vol. 6, § 56.11(3), p. 2171." (Emphasis added.)

In his deposition, plaintiff stated: "I'm right much at a loss as to what happened. I was riding down the highway, and I woke up in the hospital some days later." He further stated that he was on the right side of the road, going around a curve to his left, but he does not remember anything else until he woke up "a time or two" in the ambulance. He did not remember a car approaching him from the opposite direction.

In his affidavit, Archer stated he and plaintiff and two other persons were riding motorcycles on the day in question. Plaintiff was first in line, Archer was behind him and the other two men were considerably behind Archer. Archer observed plaintiff enter the curve *but lost sight of plaintiff as he rounded the curve.* When Archer got into the curve, he observed a red Chevrolet sliding broadside, completely in Archer's lane of travel. Archer drove his motorcycle off the side of the road

to avoid a collision and thereafter saw plaintiff lying uncon-
scious in the ditch on the right-hand side of the road; plain-
tiff's motorcycle, totally demolished, was in the ditch on the
left side of the road.

We hold that the materials produced at the hearing were
not sufficient to show that there was a triable issue on the
question of physical contact between plaintiff's motorcycle and
the alleged hit and run automobile. Consequently, the judgment
appealed from is

Affirmed.

Judges CAMPBELL and BALEY concur.