JOEL PETTEWAY, JR. v. SOUTH CAROLINA INSURANCE COMPANY, A MEMBER OF THE SEIBELS BRUCE GROUP, AND GEICO, A/K/A GOVERNMENT EMPLOYEE'S INSURANCE COMPANY

No. 884SC1098

(Filed 16 May 1989)

**Insurance § 69 — uninsured motorist coverage — unidentified motorist — absence of collision**

Plaintiff was not entitled to recover under the uninsured motorist provisions of automobile insurance policies for injuries caused by an unidentified motorist where the record

shows that his injuries did not result from a collision between motor vehicles even though a disinterested witness can verify that an unidentified motorist was involved.

APPEAL by plaintiff from *Reid, Judge*. Order entered 25 July 1986 in Superior Court, ONSLOW County. Heard in the Court of Appeals 19 April 1989.

On 16 April 1985 plaintiff was seriously injured when an automobile he was driving in Onslow County overturned after being forced off the highway by an unidentified motorist. Plaintiff's vehicle did not contact any other vehicle. The incident was witnessed by another motorist, Michael R. Castracane, who stayed until the police arrived and assisted in removing plaintiff from the wreck. The car plaintiff was driving, owned by his father-in-law, was insured by defendant GEICO, his own car was insured by defendant South Carolina Insurance Company, and each policy had the uninsured motorist coverage mandated by G.S. 20-279.21(b)(3). Plaintiff sued defendants to recover those coverages and, after the foregoing facts were conclusively established by discovery, the suit was dismissed by an order of summary judgment in which the judge noted that except for being restrained by the law there was sufficient independent verification of the unidentified motorist's existence and negligence to warrant the claim being made.

*Lanier & Fountain, by Keith E. Fountain, for plaintiff appellant.*

*Anderson, Cox, Collier & Ennis, by Donald W. Ennis, for defendant appellee South Carolina Insurance Company.*

*Marshall, Williams, Gorham & Brawley, by Ronald H. Woodruff, for defendant appellee GEICO.*

PHILLIPS, Judge.

The only question before us being whether plaintiff's claim to the benefit of defendants' uninsured motorist coverages is legally enforceable under G.S. 20-279.21(b)(3) and the record showing without contradiction that plaintiff's injuries did not result from a collision between motor vehicles, the order is correct and we affirm it.

In personal injury cases based upon the negligence of an unidentified motorist, G.S. 20-279.21(b)(3) authorizes recovery under the uninsured motorist provision of automobile liability insurance policies written in this state only if the injuries resulted from a "collision

PETTEWAY v. SOUTH CAROLINA INSURANCE CO.

[93 N.C. App. 776 (1989)]

between motor vehicles," and it has been held that the coverage does not apply when the claimant's vehicle merely overturns or runs into something other than a vehicle, such as a ditch. *East v. Reserve Insurance Co.*, 18 N.C. App. 452, 197 S.E. 2d 225 (1973); *Hendricks v. United States Fidelity and Guaranty Co.*, 5 N.C. App. 181, 167 S.E. 2d 876, *cert. denied*, 275 N.C. 594, --- S.E. 2d --- (1969). Plaintiff does not dispute the validity of these holdings; his only argument is that since the legislature's apparent purpose in enacting the collision requirement was to prevent fraudulent claims based upon the alleged negligence of fictitious motorists that the requirement is dispensed with when, as here, a disinterested eyewitness can verify that an unidentified motorist was involved. The plain wording of the above quoted statutory provision, as well as the foregoing decisions, require that this argument be rejected.

In affirming the order, however, we do not approve statements in the cited cases indicating that the "collision" required by the statute for uninsured motorist coverage is with the unidentified vehicle. In reaching that conclusion the panel apparently gave more weight to the policy language about a "hit-and-run automobile" than it did to the statutory terms, which no policy provision can override. The statutory phrase "collision between motor vehicles" is not restricted to any particular vehicles, restricting it by interpolation is not our office, and there is no reason to suppose that in using that unqualified phrase that the General Assembly intended to exclude from the statute's beneficent provisions victims of motor vehicle collisions caused by unidentified motorists whose vehicles have no collision. The phrase is not ambiguous and the clear indication is rather that the legislature intended to make the provisions available to all insureds who are injured in motor vehicular collisions caused by unidentified motorists. Furthermore, the statements were unnecessary to those decisions, neither of which involved a collision between motor vehicles of any kind, and their apparent approval in *McNeil v. Hartford Accident and Indemnity Co.*, 84 N.C. App. 438, 352 S.E. 2d 915 (1987) was qualified, to say the least, since the collision requirement was deemed to have been met by plaintiff's vehicle colliding with a vehicle that was hit by the unidentified vehicle. In any event a motor vehicular collision of some kind is certainly essential to plaintiff's case and no such collision occurred.

Affirmed.

Judge COZORT concurs.

Judge PARKER concurs in the result.