JULIUS CAESER MOORE, PLAINTIFF v. NATIONWIDE MUTUAL INSURANCE COMPANY AND NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, DEFENDANTS

No. COA07-1397

(Filed 17 June 2008)

**Insurance; Motor Vehicles— uninsured motorist—striking log in roadway—physical contact between vehicles required**

The trial court did not err by granting defendants' N.C.G.S. § 1A-1, Rule 12(b)(6) motion to dismiss (treated as a grant of a motion for summary judgment based on the consideration of matters outside the pleading) in a breach of contract, unfair and deceptive trade practices, bad faith, and punitive damages case arising from defendant insurance companies' refusal of plaintiff's uninsured motorist claim after plaintiff struck a pine tree log that had allegedly fallen off a truck and was lying in the middle of the interstate because: (1) our courts have required physical contact between the vehicle operated by the insured motorist and the vehicle operated by a hit-and-run driver for the uninsured motorist provisions of N.C.G.S. § 20-279.21(b)(3)(b) to apply; and (2) no evidence showed from what vehicle, truck or trailer, if any, the pine tree log fell from, when it fell, or how long it had been lying on the interstate prior to impact.

Judge McCULLOUGH dissenting.

MOORE v. NATIONWIDE MUT. INS. CO.

[191 N.C. App. 106 (2008)]

Appeal by plaintiff from order entered 22 August 2007 by Judge Phyllis M. Gorham in Duplin County Superior Court. Heard in the Court of Appeals 17 April 2008.

*Crawford & Crawford, L.L.P., by Robert O. Crawford, III and Heather J. Williams, and Hemmings & Stevens, P.L.L.C., by Aaron C. Hemmings, for plaintiff-appellant.*

*George L. Simpson, III, for defendant-appellees.*

TYSON, Judge.

Julius Caeser Moore ("plaintiff") appeals from judgment entered, which granted Nationwide Mutual Insurance Company and Nationwide Mutual Fire Insurance Company's (collectively, "Nationwide") motion to dismiss. We affirm.

## I. Background

On 7 March 2007, plaintiff filed a complaint against Nationwide, his automobile insurer, and alleged claims for: (1) breach of contract; (2) unfair and deceptive trade practices; (3) bad faith; and (4) punitive damages. Plaintiff's complaint asserted: (1) on 28 January 2005, plaintiff "struck a pine tree log that had fallen off a truck and was lying in the middle of the interstate[]" and (2) Nationwide had refused plaintiff's uninsured motorist claim because "the policy is not applicable as a 'log' does not fit the definition of an 'uninsured motor vehicle.' "

On 18 May 2007, Nationwide moved to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. On 16 July 2007 the trial court heard arguments on Nationwide's motion to dismiss, granted Nationwide's motion, and filed its opinion on 22 August 2007. Plaintiff appeals.

## II. Issue

Plaintiff argues the trial court erred when it granted Nationwide's motion to dismiss.

## III. Standard of Review

N.C. Gen. Stat. § 1A-1, Rule 12(b) (2007) states, "[i]f, on a motion asserting the defense numbered (6), to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, *the motion shall be treated as one for summary judgment . . . .*"

(Emphasis supplied). In its order filed 22 August 2007, the trial court stated that "[a]fter careful consideration of the briefs and oral arguments of counsel, it appears that the allegations of plaintiff's Complaint, taken as true, fail to state a claim upon which relief can be granted under any legal theory and that [Nationwide's] motion should be granted." Because the trial court considered matters "outside the pleading" when it heard Nationwide's motion to dismiss, we review the trial court's grant of Nationwide's motion to dismiss as the grant of a motion for summary judgment. *Id.*

> Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. The party moving for summary judgment ultimately has the burden of establishing the lack of any triable issue of fact.
>
> A defendant may show entitlement to summary judgment by (1) proving that an essential element of the plaintiff's case is nonexistent, or (2) showing through discovery that the plaintiff cannot produce evidence to support an essential element of his or her claim, or (3) showing that the plaintiff cannot surmount an affirmative defense. Summary judgment is not appropriate where matters of credibility and determining the weight of the evidence exist.
>
> Once the party seeking summary judgment makes the required showing, the burden shifts to the nonmoving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a prima facie case at trial.
>
> We review an order allowing summary judgment *de novo*. If the granting of summary judgment can be sustained on any grounds, it should be affirmed on appeal.

*Wilkins v. Safran*, 185 N.C. App. 668, 672, 649 S.E.2d 658, 661 (2007) (internal citations and quotations omitted).

### IV.  Motion to Dismiss

Plaintiff argues the trial court erroneously granted Nationwide's motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. We disagree.

**MOORE v. NATIONWIDE MUT. INS. CO.**

[191 N.C. App. 106 (2008)]

N.C. Gen. Stat. § 20-279.21(b)(3)(b) (2007) states:

> Where the insured, under the uninsured motorist coverage, claims that he has sustained bodily injury as the result of collision between motor vehicles and asserts that the identity of the operator or owner of a vehicle (other than a vehicle in which the insured is a passenger) cannot be ascertained, the insured may institute an action directly against the insurer . . . .

"Our courts have interpreted this statute to require physical contact between the vehicle operated by the insured motorist and the vehicle operated by the hit-and-run driver for the uninsured motorist provisions of the statute to apply." *McNeil v. Hartford Accident and Indemnity Co.*, 84 N.C. App. 438, 442, 352 S.E.2d 915, 917 (1987) (citing *Hendricks v. Guaranty Co.*, 5 N.C. App. 181, 167 S.E.2d 876, *cert. denied*, 275 N.C. 594 (1969) and *East v. Insurance Co.*, 18 N.C. App. 452, 197 S.E.2d 225 (1973)). Forty years ago, this Court stated, "[w]e are compelled to interpret the statute[] as written, leaving to the General Assembly the responsibility of writing and amending statutes." *Hendricks*, 5 N.C. App. at 184, 167 S.E.2d at 878.

In *Andersen v. Baccus*, our Supreme Court affirmed this Court's ruling and held an uninsured carrier was not liable where the automobile accident was caused by a third automobile which had contact with neither the decedent's automobile nor the defendant's automobile. 335 N.C. 526, 529, 439 S.E.2d 136, 138 (1994). In affirming this Court's ruling on this issue, our Supreme Court specifically approved this Court's analysis of N.C. Gen. Stat. § 20-279.21:

> Our interpretation of [N.C. Gen. Stat. §] 20-279.21 is further supported by the fact that the legislature has undertaken to amend the uninsured motorist statute subsequent to this Court's first interpreting it as requiring physical contact between the insured and the hit-and-run driver. To date, it has not chosen to amend the statute to indicate that [such] physical contact is not required. When the legislature acts, it is always presumed that it acts with full knowledge of prior and existing law; and where it chooses not to amend a statutory provision that has been interpreted in a specific, consistent way by our courts, we may assume that it is satisfied with that interpretation. Thus, in consideration of the time-tested prior rulings of this Court, we are constrained to conclude that any shift away from the 'physical contact' requirement must derive not from this Court, but from legislative action, or

action by our Supreme Court, which is the final arbiter for interpreting the statutes of this state.

*Id.* at 529, 439 S.E.2d at 138 (citation omitted) (quoting *Andersen v. Baccus*, 109 N.C. App. 16, 22, 426 S.E.2d 105, 108-09 (1993), *aff'd in part and rev'd in part*, 335 N.C. 526, 439 S.E.2d 136 (1994)). Our Supreme Court also stated it would adhere "to the principle of stare decisis . . . [and] decline to change existing judicial interpretation of the uninsured motorist statute, especially in light of the legislature's recent revision." *Id.* (citing N.C. Gen. Stat. § 20-279.21 (1993)).

Here, plaintiff's complaint alleged he had "struck a pine tree log that had fallen off a truck and was lying in the middle of the interstate." No evidence shows from what vehicle, truck or trailer, if any, the pine tree log fell from, when it fell, or how long it had been lying on the interstate prior to impact. Based on our Supreme Court's reasoning in *Andersen*, plaintiff's complaint fails to satisfy the physical contact requirement. 335 N.C. at 529, 439 S.E.2d at 138. Because the "essential element of [physical contact] is non-existent[,]" the trial court properly granted Nationwide's motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. *Wilkins*, 185 N.C. App. at 672, 649 S.E.2d at 661. This assignment of error is overruled.

The dissent's reliance on *McNeil* to extend the physical contact requirement to cover these facts is a wholly unwarranted extension, when our Supreme Court specifically rejected modification of the plain language of N.C. Gen. Stat. § 20-279.21 in *Andersen*. *McNeil*, 84 N.C. App. at 438, 352 S.E.2d at 915; *Andersen*, 335 N.C. at 529, 439 S.E.2d at 138. Furthermore, the dissent's reliance on the United States District Court for the Eastern District of North Carolina's holding in *Geico Ins. Co. v. Larson* is misplaced as that opinion is not binding precedent or authority and is contrary to our Supreme Court's interpretation of N.C. Gen. Stat. § 20-279.21 in *Anderson. Geico*, 542 F. Supp. 2d 441 (E.D.N.C. 2008); *Anderson*, 335 N.C. at 529, 439 S.E.2d at 138.

## V. Conclusion

Plaintiff's complaint failed to allege physical contact between plaintiff's automobile and the vehicle that allegedly carried the pine tree log struck by plaintiff. Based on our Supreme Court's reasoning in *Andersen*, and this Court's longstanding precedent in *Hendricks* plaintiff's complaint fails to state a claim upon which relief may be granted. *Anderson*, 335 N.C. at 529, 439 S.E.2d at 138; *Hendricks*, 5

**MOORE v. NATIONWIDE MUT. INS. CO.**

[191 N.C. App. 106 (2008)]

N.C. App. at 784, 167 S.E.2d at 878. The trial court properly granted Nationwide's motion to dismiss. The order appealed from is affirmed.

Affirmed.

Judge STROUD concurs.

Judge McCULLOUGH dissents by separate opinion.

McCULLOUGH, Judge, dissenting:

The majority holds that cargo which strikes another vehicle after falling off a hit-and-run vehicle does not satisfy North Carolina's physical contact rule. As I believe there is no functional difference between a vehicle and its cargo, I would reverse the trial court and hold that when cargo falls from a vehicle striking another automobile, the physical contact rule is satisfied.

Here, plaintiff filed suit after defendant insurer declined arbitration on the basis that a collision with a vehicle's cargo (a log) does not constitute a collision with the hit-and-run vehicle itself. The trial court dismissed plaintiff's suit pursuant to Rule 12(b)(6) of the N.C. Rules of Civil Procedure.

Rulings made pursuant to Rule 12(b)(6) are reviewed *de novo* by this Court with the complaint's factual allegations treated as being true. *Burgin v. Owen*, 181 N.C. App. 511, 512, 640 S.E.2d 427, 428, *cert. denied*, 361 N.C. 690, 652 S.E.2d 257 (2007).

The policy issued by Nationwide provides uninsured motorist coverage using the following language:

### Insuring Agreement

We will pay compensatory damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of:

1. **Bodily injury** sustained by an **insured** and caused by an accident; . . .

\* \* \* \*

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle.**

\* \* \* \*

MOORE v. NATIONWIDE MUT. INS. CO.

[191 N.C. App. 106 (2008)]

"**Uninsured motor vehicle**" means a land motor vehicle or trailer of any type:

1. To which neither:

    a. a liability bond or policy; nor

    b. cash or securities on file with the North Carolina Commissioner of Motor Vehicles; applies at the time of the accident.

2. To which a liability bond or policy applies at the time of the accident; provided its limit for liability is less than the minimum limit specified by the financial responsibility law of North Carolina.

3. Which, with respect to damages for **bodily injury** only, is a hit-and-run vehicle whose operator or owner cannot be identified and which hits:

    a. you or any **family member**;

    b. a vehicle which you or any **family member** are occupying; or

    c. **your covered auto.**

4. To which a liability bond or policy applies at the time of the accident but the bonding or insuring company:

    a. denies coverage; or

    b. is or becomes insolvent.

The statute mandating UM coverage provides:

> No policy . . . shall be . . . issued . . . in this state . . . unless coverage is provided therein . . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles . . . .
>
> * * * *
>
> In addition to the above requirements relating to uninsured motorist insurance, every policy . . . shall be subject to the following provisions which need not be contained therein.
>
> a. A provision that the insured shall be bound by a final judgment taken by the insured against an uninsured motorist if

MOORE v. NATIONWIDE MUT. INS. CO.

[191 N.C. App. 106 (2008)]

the insurer has been served with a copy of summons, complaint or other process in the action against the uninsured motorist. . . . The insurer, upon being served as herein provided, shall be a party to the action between the insured and the uninsured motorist though not named in the caption of the pleadings and may defend the suit in the name of the uninsured motorist or in its own name. . . .

b. Where the insured, under the uninsured motorist coverage, claims that he has sustained bodily injury as the result of collision between motor vehicles and asserts that the identity of the operator or owner of a vehicle (other than a vehicle in which the insured is a passenger) cannot be ascertained, the insured may institute an action directly against the insurer; provided, in that event, the insured [shall report the accident to a law enforcement officer and give the UM insurer notice of the accident as well].

N.C. Gen. Stat. § 20-279.21(b)(3) (2007).

Determining the meaning of language used in an insurance policy is a question of law that this Court determines *de novo* with any ambiguity resolved in favor of the policyholder as the insurer drafted the policy. *Trust Co. v. Insurance Co.*, 276 N.C. 348, 354, 172 S.E.2d 518, 522 (1970).

Plaintiff contends that suit is authorized pursuant to paragraph 3 of the policy, as this paragraph covers a hit-and-run vehicle such as in the case at bar, while the insurer argues that there is no coverage as the hit-and-run vehicle did not hit the insured's vehicle itself. Instead a log from the hit-and-run vehicle struck the insured.

The principle issue before this Court is whether the "physical contact" rule has been satisfied when an item falls off the hit-and-run vehicle and strikes the insured's automobile. North Carolina has long followed the rule that when an unidentified vehicle causes an accident without actually hitting the insured's vehicle, there is no liability on the behalf of the insurance company. The requirement for physical contact with the uninsured vehicle is required by both the statute and the policy. *Hendricks v. Guaranty Co.*, 5 N.C. App. 181, 167 S.E.2d 876, *cert. denied*, 275 N.C. 594 (1969).

In *Petteway v. South Carolina Insurance Company*, 93 N.C. App. 776, 379 S.E.2d 80, *disc. review denied*, 325 N.C. 273, 384 S.E.2d 518 (1989), this Court stated in *dicta* that UM coverage requires a colli-

sion between motor vehicles and does not apply when the insured merely runs into something other than a vehicle, such as a ditch. *Id.* at 777-78, 384 S.E.2d at 81.

The purpose of the physical contact rule is to prevent fraudulent claims and has been maintained even when there is a disinterested eyewitness. (In *Petteway*, despite there being an eyewitness, recovery was denied.)

This Court has allowed recovery, however, when the unidentified tortfeasor collided with the rear of a car which collides with a third vehicle which then struck the insured. *McNeil v. Hartford Accident and Indemnity Co.*, 84 N.C. App. 438, 352 S.E.2d 915 (1987).

In *McNeil*, this Court ruled that the physical contact rule is satisfied if the plaintiff can prove that contact between the unidentified vehicle and their claimant's vehicle occurred through an unbroken chain collision caused by a collision between the hit-and-run vehicle and an intermediate vehicle. The question then becomes whether the physical contact rule is satisfied when an item falls from the unidentified vehicle and strikes the insured.

Recently, the U.S. District Court for the Eastern District of North Carolina had just such a case where a rock fell from an unidentified dump truck, striking the insured's vehicle causing it to run off the road, strike an embankment, and killing the driver.

In that case, *Geico Ins. Co. v. Larson*, (No. 5:06-CV-00505-BR), the district court, following a trend from other physical contact jurisdictions, held that the physical contact requirement could be met when the plaintiff can prove that the hit-and-run vehicle started an unbroken chain of events and that the reasoning from the *McNeil* case applied.

While not controlling, I find the *Geico* reasoning persuasive. Other jurisdictions have ruled likewise. *See, e.g., Berry v. State Farm Mut. Auto Ins. Co.*, 219 Mich. App. 340, 556 N.W.2d 207 (1996); *Will v. Meridian Ins. Group, Inc.*, 776 N.E.2d 1233, 1234 (Ind. Ct. App. 2002); and *Pham v. Allstate Ins. Co.*, 254 Cal. Rptr. 152, 155 (Cal. App. 2d Dist. 1988).

I can see no difference between a vehicle and its cargo. Let us assume the hit-and-run vehicle was carrying its load of logs and that while changing lanes, one of the logs extending from the bed of the

truck struck plaintiff's automobile. Would that not be a collision with the vehicle itself? Why should cargo falling from a vehicle be treated differently than when it is attached?

I believe the logic of the *McNeil* case is applicable, and thus the complaint should be construed to state a cause of action.