JAMES W. PROUSE AND CAROL D. PROUSE, Plaintiffs v. BITUMINOUS CASUALTY CORPORATION AND STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendants

No. COA12-160

(Filed 7 August 2012)

**Insurance—uninsured motorist—physical contact between vehicles required**

The trial court did not err in an automobile accident, caused by the falling of a tire from a moving vehicle, by granting defendants' motions to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(6). The successful maintenance of a direct claim against an uninsured motorist carrier pursuant to N.C.G.S. § 20-279.21 is conditioned upon a showing that physical contact occurred between the insured and the vehicle operated by the hit-and-run driver, and the allegations of plaintiffs' complaint, when considered in the light most favorable to plaintiffs, showed that no physical contact between the vehicles occupied by plaintiff and the uninsured driver occurred.

PROUSE v. BITUMINOUS CAS. CORP.

[222 N.C. App. 111 (2012)]

Judge HUNTER, Robert C., dissenting.

Appeal by plaintiffs from orders entered 2 November 2011 by Judge Richard D. Boner in Stanly County Superior Court. Heard in the Court of Appeals 9 May 2012.

> *Price, Smith, Hargett, Petho & Anderson, by William Benjamin Smith and Archibald Law Office, by C. Murphy Archibald, for plaintiff-appellants.*

> *Teague Campbell Dennis & Gorham, L.L.P., by J. Matthew Little and Joseph E. Houchin, for defendant-appellee Bituminous Casualty Corporation.*

> *McAngus, Goudelock & Courie, PLLC, by Heather G. Connor and Michael P. Hummel, for defendant-appellee State Farm Mutual Automobile Insurance Company.*

ERVIN, Judge.

Plaintiffs James W. Prouse and Carol D. Prouse appeal from orders granting dismissal motions filed by Defendants Bituminous Casualty Corporation and State Farm Mutual Automobile Insurance Company. On appeal, Plaintiffs contend that their complaint did, in fact, state a claim for which relief could be granted. After careful consideration of Plaintiffs' challenge to the trial court's orders in light of the record and the applicable law, we conclude that the trial court's orders should be affirmed.

## I.  Factual Background

On 27 May 2011, Plaintiffs filed a complaint alleging that, on or about 12 June 2008, Mr. Prouse was a passenger in a truck that was owned by his employer and being operated by a co-worker when the truck was "struck by a moving vehicle tire, which fell from a moving vehicle, . . . causing] [Mr. Prouse's co-worker] to lose control of the vehicle [and] . . . the vehicle to overturn." As a result of the accident, Plaintiffs alleged that (1) Mr. Prouse suffered injuries to his leg and knee; (2) Mr. Prouse suffered a loss of earnings and earning capacity; and (3) Mrs. Prouse suffered a loss of consortium. According to Plaintiffs, Mr. Prouse was insured under a policy sold to his employer by Defendant Bituminous Casualty and a policy sold to him by Defendant State Farm, both of which provided liability insurance, uninsured motorist coverage and underinsured motorist coverage. In light of their assertion that the accident in which Mr. Prouse was

injured was a "hit and run accident" as defined in N.C. Gen. Stat. § 20-279.21(b)(3) and the Bituminous Casualty and State Farm policies, Plaintiffs claimed that they were entitled to recover damages from Defendants in an amount in excess of $10,000.00.

On 5 July 2011, Bituminous Casualty filed a motion to dismiss Plaintiffs' complaint pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) based upon the language of N.C. Gen. Stat. § 20-279.21 and this Court's decision in *Moore v. Nationwide Mut. Ins. Co.*, 191 N.C. App. 106, 664 S.E.2d 326, *aff'd*, 362 N.C. 673, 669 S.E.2d 321 (2008). On 13 July 2011, State Farm filed a motion to dismiss Plaintiffs' complaint pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) on the basis of the same logic upon which Bituminous Casualty relied. These dismissal motions came on for hearing before the trial court at the 31 October 2011 civil session of Stanly County Superior Court. On 2 November 2011, the trial court entered orders granting Defendants' motions and concluding that all claims asserted in Plaintiffs' complaint should be dismissed with prejudice. Plaintiffs noted an appeal to this Court from the trial court's orders.

## II.  Legal Analysis

On appeal, Plaintiffs argue that the trial court erred by granting Defendants' dismissal motions pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) on the grounds that their complaint did, in fact, state a claim for relief pursuant to N.C. Gen. Stat. §§ 279.21(b)(3) and 20-166. More specifically, Plaintiffs contend that N.C. Gen. Stat. § 279.21(b)(3) should be "narrowly limited to the extent necessary to prevent fraud" and that the present case is distinguishable from *Moore* given that Plaintiffs' complaint "set[] out a different and recoverable cause of action based upon cargo or equipment on a moving [hit-and-run] vehicle [which] in a continuous act f[ell] from the vehicle striking the . . . vehicle [in which Mr. Prouse was traveling]." Plaintiffs' arguments lack merit.

### A.  Standard of Review

" 'On a motion to dismiss pursuant to [N.C. Gen. Stat. § 1A-1,] Rule 12(b)(6) . . . the standard of review is whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory.' " *Stunzi v. Medlin Motors, Inc.*, ____ N.C. App. ____, ____, 714 S.E.2d 770, 773 (2011) (quoting *Nucor Corp. v. Prudential Equity Group, LLC*, 189 N.C. App. 731, 735, 659 S.E.2d 483, 486 (2008)). A dismissal pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) is appro-

priate when: "(1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim." *Wood v. Guilford Cty.*, 355 N.C. 161, 166, 558 S.E.2d 490, 494 (2002) (citing *Oates v. JAG, Inc.*, 314 N.C. 276, 278, 333 S.E.2d 222, 224 (1985)). This Court reviews a trial court's ruling on a motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) *de novo. Stunzi*, ____ N.C. App. at ____, 714 S.E.2d at 773.

### B. Uninsured Motorist Coverage

N.C. Gen. Stat. § 20-279.21(b)(3)(b), provides, in pertinent part, that:

Where the insured, under the uninsured motorist coverage, claims that he has sustained bodily injury as the result of a collision between motor vehicles and asserts that the identity of the operator or owner of a vehicle (other than a vehicle in which the insured is a passenger) cannot be ascertained, the insured may institute an action directly against the insurer . . . .

" 'Our courts have interpreted this statute to require physical contact between the vehicle operated by the insured motorist and the vehicle operated by the hit-and-run driver for the uninsured motorist provisions of the statute to apply.' " *Moore*, 191 N.C. App. at 109, 664 S.E.2d at 328 (quoting *McNeil v. Hartford Accident and Indemnity Co.*, 84 N.C. App. 438, 442, 352 S.E.2d 915, 917 (1987)). After carefully reviewing the record and the parties' briefs, we conclude that our decision in *Moore* is, as the trial court concluded, controlling in this case, so that Plaintiffs' complaint was properly dismissed.

In *Moore*, the plaintiff filed a complaint against his automobile insurance carrier alleging breach of contract, unfair and deceptive trade practices, bad faith, and punitive damages. *Id.* at 107, 664 S.E.2d at 327. In his complaint, the plaintiff alleged that the vehicle that he was driving had hit a log that had fallen off a truck and was lying in the middle of the road and that the defendant had unlawfully refused to honor his claim against his uninsured motorist carrier on the basis that a log did not "fit the definition of an 'uninsured motor vehicle.' " *Id.* The trial court dismissed the plaintiff's complaint pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6). *Id.* On appeal, this Court, acting in reliance on *Andersen v. Bacchus*, 335 N.C. 526, 529, 439 S.E.2d 136, 138 (1994) (affirming the Court of Appeal's interpretation of N.C. Gen. Stat. § 20-279.21 as requiring "physical contact between the insured

**PROUSE v. BITUMINOUS CAS. CORP.**

[222 N.C. App. 111 (2012)]

and the hit-and-run driver"), concluded that the "plaintiff's complaint fail[ed] to satisfy the physical contact requirement" set out in N.C. Gen. Stat. § 20-279.21. Id. at 110, 664 S.E.2d at 329. As a result, we affirmed the trial court's decision to dismiss the plaintiff's complaint.[1] Id. at 110-11, 664 S.E.2d at 329.

The facts at issue in this case are indistinguishable on any material basis from those before us in Moore. As in Moore, Plaintiffs' complaint alleged that damages resulted from a collision between a vehicle in which Mr. Prouse was riding and an object that had fallen from an unidentified vehicle rather than from "physical contact between the [vehicle in which Mr. Prouse was a passenger] and the vehicle that allegedly carried the [object] struck by the [truck]." 191 N.C. App. at 110, 664 S.E.2d at 329. Although Plaintiffs attempt to distinguish Moore on the grounds that the object that struck the vehicle in which Mr. Prouse was riding fell from a "hit-and-run" vehicle and struck the vehicle in which Mr. Prouse was riding in one continuous motion rather than falling from the "hit-and-run" vehicle and lying in the roadway for some time before the collision, we do not believe that the distinction upon which Plaintiffs rely is a material one. Unfortunately for Plaintiffs, the Supreme Court has expressly " 'decline[d] to change [the] existing judicial interpretation of the uninsured motorist statute . . . ,' " Id. (quoting Andersen, 335 N.C. at 529, 439 S.E.2d at 138), which requires physical contact between the insured and the hit-and-run driver. Such contact is not alleged to have occurred here. In such circumstances, we are required to adhere " 'to the principle of stare decisis[,]' " Id. (quoting Andersen, 335 N.C. at 529, 439 S.E.2d at 138), and lack the authority to revisit the previous decisions of this Court and the Supreme Court construing N.C. Gen. Stat. § 20-279.21(b)(3)(b).[2] As a result, given that Plaintiffs' complaint "on its face reveals that no law supports [their] claim," Wood, 355 N.C. at 166, 558 S.E.2d at 494, the trial court properly granted Defendants' dismissal motions.

---

1. As will be discussed in more detail below, the Court in Moore actually held that the defendant's dismissal motion should have been treated as a motion for summary judgment, so that the effect of our decision in Moore was to hold that the evidentiary forecast submitted by the parties did not suffice to support the plaintiff's claim against the defendant in reliance upon N.C. Gen. Stat. § 20-279.21.

2. Although Plaintiffs advocate the adoption of the rationale espoused by the dissenting judge in Moore, we believe that the approach adopted in that separate opinion was rejected by the Supreme Court when it upheld our decision in that case. 362 N.C. 673, 669 S.E.2d 321. In addition, we find Plaintiffs' reliance on numerous decisions from other jurisdictions adopting a "fraud-based" reading of similar statutory language unpersuasive given that this Court and the Supreme Court have adopted a different construction of the relevant statutory language.

According to our dissenting colleague, the present case is distinguishable from *Moore* in a number of ways, so that we are not bound by its holding. As an initial matter, our dissenting colleague points out that, in *Moore*, we treated "the trial court's grant of the defendant's Rule 12(b)(6) motion to dismiss as the grant of a motion for summary judgment" because the trial court considered matters outside the pleadings.[3] On the other hand, our dissenting colleague points out that our review of the trial court's decision to dismiss Plaintiffs' complaint pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) involves " 'test[ing] the law of the claim, not the facts which support it.' " *Okuma Am. Corp. v. Bowers*, 181 N.C. App. 85, 88, 638 S.E.2d 617, 619 (2007) (quoting *White v. White*, 296 N.C. 661, 667, 252 S.E.2d 698, 702 (1979)). Although the standard under which orders granting or denying summary judgment motions and the standard under which orders granting or denying dismissal motions are reviewed are not the same and although the existence of differing standards of review might make a difference in some cases depending upon the state of the record, the essential difference between the manner in which the two types of issues are reviewed on appeal stems from the scope of the factual information that a reviewing court is entitled to consider rather than the manner in which the applicable law is applied to the relevant facts. *Ladd v. Estate of Kellenberger*, 314 N.C. 477, 481, 334 S.E.2d 751, 755 (1985) (stating that the dismissal of a complaint pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) is appropriate when "the face of the complaint [shows] an insurmountable bar to appellants' recovery on any . . . theory"); N.C. Gen. Stat. § 1A-1, Rule 56(c) (stating that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law"). Put simply, the fundamental purpose of a summary judgment motion, as compared to a dismissal motion lodged pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6), is to allow a litigant to "test" the extent to which the allegations in which a particular claim has been couched have adequate evidentiary support. *Singleton v. Stewart*, 280 N.C. 460, 464, 186 S.E.2d 400, 403 (1972) (stating that "the real purpose of summary judgment is to go beyond or pierce the

---

3. Although our dissenting colleague appears to believe that the issues before the Court in *Moore* should have been evaluated under N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) rather than under N.C. Gen. Stat. § 1A-1, Rule 56, the *Moore* Court did, as our dissenting colleague acknowledges, decide *Moore* in a summary judgment, rather than a pleadings-based, context.

pleadings and determine whether there is a genuine issue of material fact" (citations omitted)). Given that *Moore* conditions the successful maintenance of a direct claim against an uninsured motorist carrier pursuant to N.C. Gen. Stat. § 20-279.21 upon a showing that physical contact occurred between the insured and the vehicle operated by the hit-and-run driver, *Moore*, 191 N.C. App. at 110, 664 S.E.2d at 329, and given that the allegations of Plaintiffs' complaint, when considered in the light most favorable to Plaintiffs, show that no physical contact between the vehicles occupied by Plaintiff and the uninsured driver occurred, the face of Plaintiffs' complaint reveals the presence of an insurmountable bar to their requested relief, rendering Plaintiff's complaint subject to dismissal pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6). Thus, the fact that *Moore* involved review of an order granting summary judgment pursuant to N.C. Gen. Stat. § 1A-1, Rule 56 instead of an order dismissing a complaint pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) is not relevant to the proper resolution of this case.

Secondly, our dissenting colleague argues that this case and *Moore* are distinguishable because the "pine tree log" in *Moore* was a "natural object" and because the contact between the log and the plaintiff's vehicle did not implicate the involvement of another vehicle as required by N.C. Gen. Stat. § 20-279.21(b)(3)(b). We do not read *Moore* as implying that the extent to which N.C. Gen. Stat. § 20-279.21 authorizes a direct claim against an uninsured motorist carrier hinges upon whether a "natural object" is left in the roadway as compared to whether such an object fell from a moving vehicle. When taken in context, the statement upon which our dissenting colleague relies simply indicates that the plaintiff had failed to prove that the physical contact between two vehicles required for the successful maintenance of a direct action against an uninsured motorist carrier under *Andersen* had occurred. *Moore*, 191 N.C. App. at 110, 664 S.E.2d at 329. As a result, the fact that *Moore* refers to the plaintiff's failure to "show from what vehicle, truck, or trailer, if any, the pine tree log fell [], when it fell, or how long it had been lying on the interstate prior to impact," *Id.*, does not tend to show that the absence of a requirement that a litigant seeking to maintain a direct action against an uninsured motorist carrier pursuant to N.C. Gen. Stat. § 20-279.21 prove physical contact between his own vehicle and that operated by another driver.

Third, our dissenting colleague argues that, properly understood, the decisions of the Supreme Court and this Court provide that, in order to maintain a viable claim against an uninsured motorist carrier

PROUSE v. BITUMINOUS CAS. CORP.

[222 N.C. App. 111 (2012)]

pursuant to N.C. Gen. Stat. § 20-279.21, all that must be shown is that the plaintiff's injury "implicate the involvement of another vehicle" and that the Supreme Court did not, in affirming our decision in *Moore*, "express[ly] reject[] the rationale espoused by the dissenting judge" in *Moore*.[4] In view of the Supreme Court's express adoption of a requirement that there be "physical contact between the insured and the hit-and-run driver" in *Andersen* and the fact that the Supreme Court affirmed our opinion in *Moore*, which expressly rejected the approach adopted in the dissenting opinion upon which our dissenting colleague in this case relies, we are unable to conclude that existing precedent leaves open the possibility of holding that the "physical contact" requirement of N.C. Gen. Stat. § 20-279.21 has been satisfied as long as another vehicle is "implicated" or "involved" in the harm that the insured sustained. Thus, we simply do not believe that the prior decisions of the Supreme Court and this Court permit the adoption of the approach espoused by our dissenting colleague and the dissenting judge in *Moore*.

Finally, our dissenting colleague contends that *McNeil*, 84 N.C. App. at 442, 352 S.E.2d at 917 (holding that the "physical contact" needed to support a direct claim against an uninsured motorist carrier pursuant to N.C. Gen. Stat. § 20-279.21 existed "where the physical contact ar[ose] between the hit-and-run vehicle and plaintiff's vehicle through intermediate vehicles involved in an unbroken 'chain collision' which involve[d] the hit-and-run vehicle"), and *Geico Ins. Co. v. Larson*, 542 F. Supp. 2d 441, 447-48 (E.D.N.C. 2008) (utilizing the "chain collision" theory enunciated in *McNeil* in determining that an uninsured motorist carrier was not entitled to summary judgment based upon an alleged failure to satisfy the "physical contact" requirement set forth in N.C. Gen. Stat. § 20-279.21 in a case in which a rock fell from the hit-and-run vehicle and struck the insured's vehicle), support his determination that Plaintiffs had alleged facts that satisfied the "physical contact" requirement under a "chain collision" theory. However, the decisions upon which our dissenting colleague relies undergirded the position that was adopted by the dissenting judge and that was explicitly rejected by the *Moore* majority, which stated that:

4. A careful review of the decisions upon which our dissenting colleague relies in support of his contention that a *per curiam* affirmance of one of our decisions by the Supreme Court does not amount to an affirmance of the reasoning adopted in our opinion reveals that there was no majority opinion in *Collins v. Davis*, 68 N.C. App. 588, 315 S.E.2d 759 (1984), and that *State v. Summers*, 284 N.C. 361, 365, 200 S.E.2d 808, 811 (1973), does not address the impact of a *per curiam* affirmance of our decision by the Supreme Court.

[t]he dissent's reliance on *McNeil* to extend the physical contact requirement to cover these facts is a wholly unwarranted extension, when our Supreme Court specifically rejected modification of the plain language of N.C. Gen. Stat. § 20-279.21 in *Andersen.* Furthermore, the dissent's reliance on the United States District Court for the Eastern District of North Carolina's holding in *Geico Ins. Co. v. Larson* is. misplaced as that opinion is not binding precedent or authority and is contrary to our Supreme Court's interpretation of N.C. Gen. Stat. § 20-279.21 in *Andersen.*

191 N.C. App. at 110, 664 S.E.2d at 329 (citations omitted). As a result, given that the approach adopted by our dissenting colleague in reliance upon *McNeil* and *Geico* was expressly rejected by this Court in *Moore* and given that our decision in *Moore* was affirmed by the Supreme Court,[5] we conclude that the final argument advanced by our dissenting colleague lacks merit and that *Moore* does, in fact, control the outcome in the present case.

### III. Conclusion

Thus, for the reasons set forth above, we conclude that the trial court correctly determined that Plaintiffs' complaint failed to state a claim for which relief could be granted. As a result, the trial court's orders should be, and hereby are, affirmed.

AFFIRMED.

JUDGE STROUD concurs.

JUDGE ROBERT C. HUNTER dissents with a separate opinion.

HUNTER, Robert C., Judge, dissenting.

I conclude the case on which the majority relies, *Moore v. Nationwide Mut. Ins. Co.*, 191 N.C. App. 106, 664 S.E.2d 326, *aff'd*

---

5. Even if our dissenting colleague is correct in asserting, like Plaintiffs, that the Supreme Court did not expressly reject the approach adopted by the dissenting judge in *Moore*, a proposition with which we do not agree, we are still bound by our own decision in *Moore*, which recognizes that N.C. Gen. Stat. § 20-279.21 requires direct or indirect physical contact between the vehicles driven by the insured and the vehicle driven by the hit-and-run driver (as compared to contact between the insured vehicle and some object that falls from or was thrown off of the vehicle driven by the hit-and-run driver). *In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) (holding that "a panel of the Court of Appeals is bound by a prior decision of another panel of the same court addressing the same question, but in a different case, unless overturned by an intervening decision from a higher court").

*per curiam*, 362 N.C. 673, 669 S.E.2d 321 (2008), is distinguishable from this case, and thus, I respectfully dissent.

The underlying complaint alleged that in June 2008 plaintiff James W. Prouse was a passenger in his employer's vehicle traveling on Interstate 485 when the vehicle was struck by a moving vehicle tire that had fallen from another moving vehicle. The collision caused the driver of the vehicle in which Mr. Prouse was riding to lose control and overturn. Mr. Prouse suffered permanent bodily injuries and, with his wife (collectively "plaintiffs"), filed the underlying suit against his employer's insurer, Bituminous Casualty Corporation, and his personal automobile insurer, State Farm Mutual Automobile Insurance Company (collectively "defendants"). Plaintiffs sought recovery for bodily injuries and loss of consortium, which they alleged were covered by the uninsured motorist provisions of the insurance policies issued by defendants. Defendants filed separate motions to dismiss plaintiffs' complaint pursuant to North Carolina Rule of Civil Procedure 12(b)(6); defendants argued plaintiffs' claims were barred by N.C. Gen. Stat. § 20-279.21 and this Court's holding in *Moore*, 191 N.C. App. at 110, 664 S.E.2d at 329. The trial court granted defendants' motions and dismissed plaintiffs' complaint.

I agree with the majority's statement of our standard of review of the trial court's grant of defendants' Rule 12(b)(6) motions to dismiss. In our review, we must determine "whether, as a matter of law, the allegations of the complaint are sufficient to state a claim upon which relief can be granted under some legal theory." *Okuma Am. Corp. v. Bowers*, 181 N.C. App. 85, 88, 638 S.E.2d 617, 619 (2007). In so doing, we "accept as true the well-pleaded factual allegations of the complaint and review the case *de novo* . . . ." *Id.* However, in light of this standard of review, I conclude the majority's and defendants' reliance on *Moore* is misplaced.

In *Moore*, this Court concluded that the trial court "considered matters 'outside the pleading' " when it heard the defendant's Rule 12(b)(6) motion to dismiss. 191 N.C. App. at 108, 664 S.E.2d at 327 (quoting N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (2007)). Accordingly, we reviewed the trial court's grant of the defendant's Rule 12(b)(6) motion to dismiss as the grant of a motion for summary judgment. 191 N.C. App. at 108, 664 S.E.2d at 327; *see Stanback v. Stanback*, 297 N.C. 181, 205, 254 S.E.2d 611, 627 (1979) ("A Rule 12(b)(6) motion to dismiss for failure to state a claim is indeed converted to a Rule 56 motion for summary judgment when matters outside the pleadings are presented to and not excluded by the court."), *disapproved of on*

PROUSE v. BITUMINOUS CAS. CORP.

[222 N.C. App. 111 (2012)]

*other grounds by Dickens v. Puryear*, 302 N.C. 437, 276 S.E.2d 325 (1981). Thus, the defendant in *Moore* was required to show " 'that there [was] no genuine issue as to any material fact and that any party [was] entitled to a judgment as a matter of law.' " 191 N.C. App. at 108, 664 S.E.2d at 328 (quoting *Wilkins v. Safran*, 185 N.C. App. 668, 672, 649 S.E.2d 658, 661 (2007)). Once the defendant made this showing, the burden shifted to the plaintiff " 'to produce a forecast of *evidence demonstrating specific facts, as opposed to allegations*, showing he [could] at least establish a prima facie case at trial.' " *Id.* (quoting *Wilkins*, 185 N.C. App. at 672, 649 S.E.2d at 661) (emphasis added)).

Applying this standard in *Moore*, we concluded the plaintiff had not met his burden in that he had produced "[n]o evidence show[ing] from what vehicle, truck or trailer, *if any*, the pine tree log fell from, when it fell, or how long it had been lying on the interstate prior to impact." 191 N.C. App. at 110, 664 S.E.2d at 329 (emphasis added). Thus, the plaintiff in *Moore* did not produce any evidence to support an essential element of his claim under N.C. Gen. Stat. § 20-279.21(b)(3)(b), the element of physical contact with a hit-and-run vehicle, and we concluded the defendant's motion to dismiss was properly granted—albeit under a summary judgment standard. *Id.*

Here, in the orders granting defendants' Rule 12(b)(6) motions to dismiss the trial court stated: "It appearing to the [c]ourt after oral argument and upon review of Plaintiffs' Complaint and applicable law that the Complaint should be dismissed for failure to state a claim upon which any relief can be granted." However, oral arguments in support of a motion to dismiss "are not considered matters outside the pleadings." *Charlotte Motor Speedway, Inc. v. Tindall Corp.*, 195 N.C. App. 296, 300, 672 S.E.2d 691, 693 (2009) (citing *King v. Cape Fear Mem'l Hosp., Inc.*, 96 N.C. App. 338, 342, 385 S.E.2d 812, 815 (1989), *disc. review denied*, 326 N.C. 265, 389 S.E.2d 114 (1990)).

In *Charlotte Motor Speedway*, this Court rejected the appellant's claim that the trial court converted a 12(b)(6) motion to dismiss into a motion for summary judgment where the trial court's order stated it had reviewed the pleadings, the briefs, and the oral arguments by counsel in reaching its decision. *Id.* We concluded that "nothing in the record establishe[d] that the trial court considered matters beyond the pleadings[.]" *Id.* Similarly, here, nothing in the record reveals that the trial court considered any matter beyond the pleadings. Accordingly, unlike the Court in *Moore*, we must treat plaintiffs' allegations as true and review plaintiffs' complaint only " 'to test the law of the claim, not the facts which support it.' " *Okuma Am. Corp.*, 181

N.C. App. at 88, 638 S.E.2d at 619 (quoting *White v. White,* 296 N.C. 661, 667, 252 S.E.2d 698, 702 (1979)).

The majority concludes that the differing standards of review in *Moore* and this case are not relevant to the resolution of plaintiffs' appeal as plaintiffs' complaint presents an insurmountable bar to the requested relief—that the allegations in the complaint do not establish physical contact between Mr. Prouse's vehicle and the hit-and-run driver. In contrast, I interpret plaintiffs' complaint as being consistent with our caselaw in alleging an indirect collision with a hit-and-run vehicle. Thus, I conclude the facts presented in this case are distinguishable from those in *Moore* and the standard of review applied in *Moore* provides a critical difference.[1]

"The distinction between a Rule 12(b)(6) motion to dismiss and a motion for summary judgment is more than a mere technicality." *Locus v. Fayetteville State Univ.,* 102 N.C. App. 522, 527, 402 S.E.2d 862, 866 (1991). As the majority notes, a motion for summary judgment "allows the trial court 'to pierce the pleadings' to determine whether any genuine factual controversy exists." *Lowe v. Bradford,* 305 N.C. 366, 369, 289 S.E.2d 363, 366 (1982) (quoting *Singleton v. Stewart,* 280 N.C. 460, 464, 186 S.E.2d 400, 403 (1972)). This inquiry requires the nonmoving party to support his claim with specific facts; he cannot rely upon the mere allegations of his pleading. *Id.* 369-70, 289 S.E.2d at 366. Indeed, Rule 56(e) "precludes any party from prevailing against a motion for summary judgment through reliance on conclusory allegations unsupported by facts." *Id.* at 370, 289 S.E.2d at 366 (emphasis omitted); N.C. Gen. Stat. § 1A-1, Rule 56(e) (2011).

The plaintiff in *Moore* did not meet this burden when the defendants challenged his claim that N.C. Gen. Stat. § 20-279.21(b)(3)(b) should require coverage for the damage sustained when his vehicle

---

1. *See Norman v. Nash Johnson & Sons' Farms, Inc.,* 140 N.C. App. 390, 416, 537 S.E.2d 248, 265 (2000) (distinguishing a case cited by the defendants where the case cited involved the review of a motion for summary judgment instead of a Rule 12(b)(6) motion to dismiss, which was the subject of the appeal in *Norman*). Although, in *Moore,* this Court reviewed the trial court's order as a grant of a motion for summary judgment, 191 N.C. App. at 108, 664 S.E.2d at 327, the text of the opinion leads me to conclude this Court should have reviewed the trial court's order as a grant of a Rule 12(b)(6) motion to dismiss. In *Moore,* we stated that because the trial court considered "'the briefs and oral arguments of counsel'" the trial court had considered "matters 'outside the pleadings'" in reaching its decision. *Id.* However, as stated above, "[r]equests, explanations, and arguments of counsel relating to a motion to dismiss are not considered matters outside the pleadings." *Charlotte Motor Speedway, Inc.,* 195 N.C. App. at 300, 672 S.E.2d at 693. Nevertheless, *Moore* was decided under a different evidentiary standard, and thus, the present case is distinguishable.

struck a "pine tree log" that was lying in the interstate. 191 N.C. App. at 107, 664 S.E.2d at 327. A collision with a natural object lying in the road does not require the involvement of a second vehicle, a prerequisite for a claim made pursuant to N.C. Gen. Stat. § 20-279.21(b)(3)(b). A pine tree log can fall onto a road without the involvement of any vehicle, and the Court noted the plaintiff's lack of any evidence of another vehicle in affirming the dismissal of the claim: "No evidence shows from what vehicle, truck or trailer, *if any*, the pine tree log fell from . . . ." *Moore*, 191 N.C. App. at 110, 664 S.E.2d at 329 (emphasis added)).

Here, plaintiffs alleged the vehicle in which Mr. Prouse was a passenger "was struck by a moving vehicle tire, which fell from a moving vehicle." Thus, as we are required to treat plaintiffs' allegations as true, *Okuma Am. Corp.*, 181 N.C. App. at 88, 638 S.E.2d at 619, this case—unlike *Moore*—necessarily involves a second vehicle and a collision with a part of that vehicle or its cargo.

Furthermore, I do not agree with the majority that the Supreme Court's decision affirming *Moore* was an express rejection of the rationale espoused by the dissenting judge at the Court of Appeals. *Moore*, 362 N.C. at 673, 669 S.E.2d at 321; *Moore*, 191 N.C. App. at 111, 664 S.E.2d at 329 (McCullough, J., dissenting). The Supreme Court's *per curiam* opinion provided no insight into the Court's reasoning.[2] *Moore*, 362 N.C. at 673, 669 S.E.2d at 321. Rather, in light of the summary judgment standard of review applied in that case, I interpret the Supreme Court's ruling as being limited to affirming that the plaintiff in *Moore* failed to meet his burden of forecasting evidence of an essential element of his claim—direct or indirect physical contact with a hit-and-run vehicle.

The requirement for physical contact between the insured and the hit-and-run driver did not originate with *Moore*.[3] In *McNeil v.*

---

2. *See State v. Summers*, 284 N.C. 361, 365, 200 S.E.2d 808, 811 (1973) (noting that a *per curiam* decision by the Supreme Court of the United States "d[id] not specify the legal reasoning which influenced the Court"); *Sellers v. Ochs*, 180 N.C. App. 332, 336 n.2, 638 S.E.2d 1, 3 n.2 (2006) (distinguishing *Collins v. Davis*, 68 N.C. App. 588, 315 S.E.2d 759, *aff'd per curiam*, 312 N.C. 324, 321 S.E.2d 892 (1984), noting that the Supreme Court of North Carolina "summarily affirmed [*Collins*] *per curiam* without adopting the reasoning provided by" the authoring judge in *Collins*), *disc. review denied*, 361 N.C. 221, 642 S.E.2d 449 (2007).

3. *See Hendricks v. Guaranty Co.*, 5 N.C. App. 181, 182, 167 S.E.2d 876, 877 (1969) (affirming dismissal of the plaintiff's uninsured motorist claim due to a lack of physical contact between motorists); *East v. Reserve Ins. Co.*, 18 N.C. App. 452, 455, 197 S.E.2d 225, 226 (1973) (affirming summary judgment against the plaintiff where he

*Hartford Acc. & Indem. Co.*, 84 N.C. App. 438, 442, 352 S.E.2d 915, 917 (1987), this Court concluded that our caselaw had interpreted the uninsured motorists provision of N.C. Gen. Stat. § 20-279.21(b)(3)(b) to require physical contact between the vehicle operated by the insured and the vehicle operated by the hit-and-run driver. *Id.* Specifically, we held in *McNeil* that this physical contact requirement could be satisfied in an indirect manner, in a " 'chain collision' " that involved a hit-and-run vehicle. *Id.* Subsequently, in *Andersen v. Baccus*, 335 N.C. 526, 529, 439 S.E.2d 136, 138 (1994), our Supreme Court cited *McNeil* and approved this Court's interpretation of the uninsured motorist provision of N.C. Gen. Stat. § 20-279.21 as requiring a "direct or indirect" collision with the hit-and-run driver's vehicle. Significantly, *Andersen* was cited as the basis for this Court's reasoning in *Moore*, 191 N.C. App at 110, 664 S.E.2d at 329. Thus, contrary to the majority's assertion, I conclude that our caselaw has not expressly rejected the proposition that the direct or indirect physical contact requirement could be satisfied by a collision with a part of a hit-and-run vehicle or its cargo. There is no practical distinction between a direct collision with a hit-and-run vehicle, as recognized in *Andersen*, an indirect collision with a hit-and-run vehicle through an intermediate vehicle, as recognized in *McNeil*, and an indirect collision with a part of a hit-and-run vehicle—such as a spare tire—or its cargo, as in the present case.

The reasoning of *Andersen* and *McNeil* was applied by Judge W. Earl Britt in *Geico Ins. Co. v. Larson*, 542 F. Supp. 2d 441, 447 (E.D.N.C. 2008). While the decision is not binding on this Court, I find it to be a persuasive application of our caselaw. In *Geico*, the uninsured motorist provision of the insured's automobile insurance policy provided coverage for injuries where a hit-and-run vehicle " 'hits' " the insured, the insured's vehicle, or the vehicle which the insured was occupying. 542 F. Supp. 2d at 445 (emphasis omitted). The district court concluded that where a rock fell from an unidentified truck and struck the insured's vehicle in an "unbroken 'chain collision[,]' " the physical contact requirement of N.C. Gen. Stat. § 20-279.21(b)(3)(b) could be satisfied and allowed the case to proceed with discovery. *Geico*, 542 F. Supp. 2d at 447-48 (citing *McNeil*, 84 N.C. App. at 442, 352 S.E.2d at 917).

drove into a ditch to avoid a collision); *Petteway v. S. Carolina Ins. Co.*, 93 N.C. App. 776, 777, 379 S.E.2d 80, 81 (affirming summary judgment against the plaintiff where his vehicle was forced off the road and did not come into contact with any other vehicle), *disc. review denied*, 325 N.C. 273, 384 S.E.2d 518 (1989).

In summary, I conclude *Moore,* 191 N.C. App. at 110, 664 S.E.2d at 329, decided under a different evidentiary standard, is not controlling; the plaintiff in *Moore* failed to establish the existence of a hit-and-run vehicle, much less his physical contact with a hit-and-run vehicle. Rather, as did the dissenting judge in *Moore,* 191 N.C. App at 111, 664 S.E.2d at 329 (McCullough, J., dissenting), I discern no justification for denying that the physical contact requirement of N.C. Gen. Stat. § 20-279.21(b)(3)(b) could be satisfied by an indirect and unbroken chain collision with a part of a hit-and-run vehicle or its cargo. Accordingly, I conclude the dismissal of plaintiffs' complaint was improper, and I would reverse the trial court's orders.